## *In re* HAMMILL.

1. In *habeas corpus* proceedings the decision of the circuit court is a final order affecting a substantial right, made in a special proceeding, from which an appeal will lie to the supreme court.

2. Though the writ of *habeas corpus* is one of constitutional right, its privilege is to be exercised in a reasonable manner; and in ordinary cases application should, in the first instance be made to the circuit court, from

whose decision an appeal may be taken which will be preferred, and considered as soon as submitted in the supreme court.

(Opinion filed Dec. 14, 1896.)

Original proceeding on the application of T. A. Hammill, for a writ of *habeas corpus.* Application denied.

*S. H. Wright,* for petitioner.

HANEY, J. This original application for a writ ·of *habeas corpus* is made by a person confined in the jail of Brule county, in default of bail, awaiting trial in the circuit court, on the charge of assault with intent to kill, for the sole purpose of having the amount of bail reduced. It does not appear that any application has been made to the circuit court or the judge thereof, for a reduction; hence, an important question of practice demands and has received serious consideration. The application is addressed to the court. This court can sit only at the seat of government. Were this writ issued, the applicant, numerous witnesses, attorneys of the respective parties, the sheriff, and possibly needed assistants, would be required to appear before the court, involving great inconvenience, and no inconsiderable expense. The suggestion of what such a hearing would involve, coming from one of the Black Hills counties or other remote portions of the state, justifies this court in proceeding with extreme caution in these original proceedings. It is true, the writ of *habeas corpus* is one of constitutional right, but, like any other constitutional right, its privilege is to be exercised in a reasonable manner. *Ex parte* Ellis, 11 Cal. 226. Ordinarily, the circuit judges ought to be applied to in the first instance. Proceedings in *habeas corpus* are, in their nature, civil. *Ex parte* Tom Tong, 108 U. S. 556, 2 Sup. Ct. 871. When instituted in the circuit court, its decision will be a final order, affecting a substantial right made in a special proceeding, from which an appeal will lie to this court. Comp. Laws, § 5236. Although not directly decided, this view has been recognized by this court. Winton v. Knott, 63 N W. 783.

Should one of the supreme judges deem it his duty to issue a writ he might avoid the inconvenience and expense of bringing the parties to the capital by making the writ returnable and having the hearing in the county wherein the applicant is confined, but his decision would not be the judgment of the court, and an appeal or other proceeding would be required to bring the matter before the court for its determination. This would occasion quite as much delay as an application to a circuit court, and appeal from its decision. We think, in ordinary cases, application should, in the first instance, be made to the circuit court, from whose decision an appeal may be taken, which will be preferred and considered as soon as submitted in this court. The practice here indicated will, we think, afford every person an opportunity to enforce this constitutional right without unreasonable delay, and at the same time avoid consequences which would, were a different rule adopted, in many cases make the administration of the criminal law so expensive and inconvenient as to defeat the ends of justice. The application is denied.