LABIDEE, Administratrix, Respondent, v. CITY OF PIERRE, Appellant.

(177 N. W. 499.)

(File No. 4694.   Opinion filed April 22, 1920).

1.  **Appeals—Dismissal of Appeal—Order, Notice of, Whether Notice of Waivable—Effect of Waiver re Time for Appeal.**

The notice of filing of an order, which notice is referred to in Sec. 3147 Rev. Code of 1919, being appeal statute, may be waived; the object of the statute being to give a party power to set running the time after which his adversary may not appeal, and also to assure each party that the statutory period within which he may appeal does not commence to run until his adversary has given such notice.  While party giving such notice cannot waive effect thereof, since to do so would give Supreme Court jurisdiction which, under the statute, it would have lost, yet the notice may be waived, thus fixing, as date

of waiver, time for which statutory period for appeal should run.

2.  **Waiver—Renunciation of Benefit By—Waiver Defined.**

A waiver is the dispensing with performance of something one has the right to enact, the renouncing of some benefit or advantage, which but for the waiver the party relinquishing would have enjoyed.

3.  **Waiver—Estoppel Distinguished From—Misleading of Party to His Prejudice, As Main Distinction—Many Distinctions Defined.**

While waiver and estoppel are closely related, and estoppel lies as basis of waiver, there are several essential differences; while waiver is voluntary surrendering of a right, estoppel is inhibition to assert it from mischief that has followed; waiver involves both knowledge and intention, while estoppel arises where there is no intent to mislead; waiver depends on what one intends to do, estoppel rather on what he caused his adversary to do, waiver involves acts and conduct of one party only, estoppel involves conduct of both parties; and while waiver does not necessarily imply that one has been misled to his prejudice or into an altered position, estoppel always involves this element; estoppel results from an act which may operate to injury of the other party, while waiver may effect the opposite party beneficially. The most general distinction lies in what the term "waiver," besides implying intention to relinquish a right not necessarily present in estoppel, refers only to the act or its consequent to the party against whom waiver is sought to be enforced, regardless of the other party's attitude, whereas estoppel arises whereby one's fault, another has been induced, ignorantly or innocently, to change his position for the worse so that virtual fraud would result to him if he by whom he is mislead may assert the right in controversy; again, where the waiver relied on is constructive, or merely implied from party's conduct irrespective of his intention, it is questionable if there are not present some elements of estoppel. A waiver exists only where one with full knowledge of a material fact does or forbears to do something inconsistent with the right, or of his intention to rely on the right.

4.  **Appeals—Order Giving Time to Answer, Defendant's Application for Extension and for Order "Staying All Proceedings Until" Appeal Perfected or Time Therefor Expired, Effect Re Waiver of Right to Appeal.**

Where, after an order overruling a demurrer to a complaint and granting defendant time to answer, defendant made written application for extension of such time, also for an order "staying all proceedings until." the defendant shall perfect his appeal to Supreme Court from the order, "or until the time for per-

fecting said' appeal, provided by law, shall have. expired,"
held, that such application constituted a waiver of the right to
appeal.

5.    Same—"Knowledge" Not Equivalent of Notice—Waiver of Notice
      Taking Steps Presupposing Knowledge, Whether Constitut-
      ing Waiver—Seeking Unnecessary Relief, Different Situation
      re Notice.

      Mere knowledge that the order has been made is not. equiv-
      alent to statutory notice thereof, and it is not sufficient to
      constitute waiver of such notice that a party takes some steps
      which presumes or presupposes his "knowledge" that the order
      has been made; nor can one be said to act voluntarily where,
      in order to save his rights, he must act, such being the
      position of one applying for extension of time to plead or for
      stay of execution.; the situation being different where one
      seeks relief when it is unnecessary to have it in order to
      protect his right—when mere lapse of time will not deprive
      him of such right; the party seeking such relief under such
      circumstance is held to have waived actual notice of entry of
      the judgment or order.

6.    Same—Appeal from Order, Seeking Time, Stay of all Proceed-
      ings, Implying Knowledge, Not· Notice of Order Entry—Stay
      Order, No Notice of Entry, Effect re Appeal—Application for
      Stay as Implied Waiver of Notice, Estoppel Resulting—Appeal
      Dismissed.

      To seek extension of time to answer or a stay of entry of
      order, judgment, or execution., presupposes knowledge of entry
      of order, etc., but not notice of entry of order, etc., since de-
      fendant, to protect his right, must seek such relief if he had
      knowledge of the entry, etc.   But where appellant sought a
      stay of all proceedings until time for appeal expired, which time
      could not expire without notice of entry of the notice, as the
      stay would prevent giving of same until by consequence time
      for appeal would expire, the application for stay presupposes
      giving of the notice, and was implied waiver of same, and
      appellant is estopped from denying it had received notice, which
      estoppel supported an implied waiver; and the appeal should
      be dismissed.

Appeal from Circuit Court, Hughes County.   HON. JOHN F.
HUGHES, Judge.

Action by Zoa Labidee, as Administratrix of the Estate of
Leo E. Labidee, deceased, against the City of Pierre, a municipal
corporation.   From an order overruling a demurrer to the com-

plaint, defendant appeals. Motion to dismiss appeal. Appeal dismissed.

*Glen W. Martens,* and *Karl Goldsmith,* for Appellant.

*Howard G. Fuller,* for Respondent.

(1) To point one of the opinion, re jurisdiction, Respondent cited: Perkins v. Cooper, 87 California 241, 3 C. J., pages 1074, 1075.

(5) To point five, Respondent cited: Mallory v. See, 129 Cal. 346, at page 358; Gardner v. State, 135 California 118.

(6) To point six, Respondent cited: Spelling on New Trial and Appeal Procedure, Vol. 1, Section 363.

WHITING, J. Motion to dismiss an appeal from an order overruling a demurrer to a complaint. Our statute (section 3147, Rev. Code 1919) requires that an appeal from an order shall be taken "within sixty days after written notice of the filing of the order shall have been given to the party appealing." Sixty days from the giving of such a notice had not expired when this appeal was taken; but respondent contends that the giving of such notice had been waived more than 60 days before this appeal was taken. Two questions are presented to us: Can a party entitled to such notice waive same? If so, did appellant do that which amounted to a waiver?

[1] We have no hesitancy in holding that the giving of such notice may be waived. The object of the above statute is twofold. It gives to a party the power to set running the time after which his adversary may not appeal. Braun v. Thuet, 174 N. W. 807, 42 S. D. 491. But it also assures each party that the statutory period of time within which he may appeal does not commence to run until his adversary has given such notice. While the party giving notice cannot waive the effect thereof, because to do so would be to give this court jurisdiction, which under the statute it would have lost, yet a party entitled to such notice may waive same, thus fixing, as of the date of waiver, the time from which the statutory period for appeal should run. Mallory v. See 129 Cal. 356, 61 Pac. 1123.

[2, 3] A waiver is the dispensing with the performance of something which one has the right to exact, the renouncement of some benefit or advantage which, but for such waiver, the party relinquishing would have enjoyed. 40 Cyc. 254, 258. While

waiver and estoppel are closely related, and estoppel is held to lie as the basis of waiver, yet there are several essential differences between the doctrine of waiver and that of estoppel. These are pointed out in 40 Cyc. 256-259.

"Waiver is the voluntary surrender of a right; estoppel is the inhibition to assert it from the mischief that has followed. Waiver involves both knowledge and intention, and estoppel may arise where there is no intent to mislead. Waiver depends upon what one himself intends to do; estoppel depends rather upon what he caused his adversary to do. Waiver involves the acts and conduct of only one of the parties; estoppel involves the conduct of both. A waiver does not necessarily imply that one has been misled to his prejudice or into an altered position; an estoppel always involves this element. Estoppel results from an act which may operate to the injury of the other party; waiver may affect the opposite party beneficially. * * *

"The most general distinction lies in the fact that the term, 'waiver,' besides implying an intention on the part of a party to relinquish a right which is not necessarily present in estoppel, refers only to the act or consequence of the act of the party against whom the waiver is sought to be enforced, regardless of the attitude assumed by the other party, whereas estoppel arises where, by the fault of one party, another has been induced, ignorantly or innocently to change his position for the worse in such manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy. The distinction is more easily preserved in dealing only with express waiver, but where the waiver relied upon is constructive, or merely implied from the conduct of a party irrespective of what his actual intention may have been, it is at least questionable if there are not present some of the elements of estoppel. * * * A waiver exists only where one with full knowledge of a material fact does or forbears to do something inconsistent with the existence of the right or of his intention to rely upon that right."

With the above in mind, let us consider that act of appellant which respondent contends amounts to a waiver. The order overruling the demurrer gave appellant, defendant below, time to answer. Before the expiration of such time defendant made

written application for an extension thereof and also for an order *"staying all proceedings* until * * * the said city shall perfect an appeal to the Supreme Court from the order, or until the time for perfecting said appeal provided by law shall have expired." This relief was granted.

[4] Does the application for such relief constitute a waiver under the law as laid down in Cyc.? We hold that it does. We do not desire to be understood as going as far as the court went in Gardner v. Stare, 135 Cal. 118, 67 Pac. 5, wherein it was held that an application for a stay of execution was a waiver of service of notice of entry of judgment. While we fully concur with the holding of the court in that case that "mere knowledge that the decision has been given is not the equivalent of notice," having ourselves repeatedly so held (Braun v. Thuet, supra, and cases therein referred to), yet we cannot concur in its holding that—

"A motion to the court or other proceeding by a party, with reference to the decision, which presumes his knowledge that it has been made, and by which he seeks to protect his own interest against the rights of the other party under the decision, will be regarded as a waiver of his right to a notice of the decision."

[5] The correctness of the decision in Gardner v. Stare was evidently questioned by that court when it decided Estate of Richards, 154 Cal. 478, 98 Pac. 528. It will be noted that the court in the latter case expressly refrained from passing upon the question decided in the Gardner Case. We do not think it sufficient to constitute waiver that a party take some step which presumes or presupposes his "knowledge" that a decision has been made. To so hold is inconsistent with our holding that knowledge is not the equivalent of the notice which the statute requires. Neither can one be said to act *voluntarily* where in order to save his rights he must act. Such is the position one is in when he applies for an extension of time to plead or for a stay of execution. But the situation is entirely different where one seeks some relief at a time when it is unnecessary to get such relief in order to protect the party's rights—when mere lapse of time will not deprive him of such rights. Thus, where a party goes into court and seeks some affirmative relief in relation to a judgment or order, and the particular relief sought is unnecessary at that time unless a notice of the entry of such judgment or

order has already been received, the seeking of such relief is consistent only with the fact that a notice of the entry of such judgment or order has been given, and therefore presumes or presupposes the receipt of such notice. The party seeking such relief under such circumstances should be held to have waived the actual notice, such waiver to date as of the time the relief was sought. The California court would have been correct in its holding as quoted above if, in place of the words "which presumes his knowledge that it has been made," it had used the words "which presumes the receipt of the statutory notice that it has been made."

[6] For a party to seek an extension of time to answer or seek a stay of entry of judgment, or of execution if judgment had been entered, would presuppose *knowledge* of the entry of the order or judgment, but neither of such acts would presuppose *notice* of the entry of the order or judgment, as the defendant, to protect his rights, must need seek such relief if he had *knowledge* of the entry of the order or judgment, no matter how such knowledge was gained. But appellant sought an order staying *all procedings* until time for appeal expired. Time for appeal could never expire unless the notice of entry of the order overruling demurrer was given. If such notice had not already been given, the stay sought would prevent the giving of same, and therefore, if the notice had not been given, and the stay was granted, the time within which an appeal could be taken would never expire. Appellant's application therefore presupposed the giving of such notice and was a waiver of same; and, though the waiver was not express, but only to be implied from the facts, the facts were such as to fairly estop it from denying it had received notice, and therefore there was the necessary element of estoppel to support an implied waiver as held in the foregoing quotations from Cyc. Appellant waived notice of the entry of the order overruling the demurrer. This waiver dated from the date of its application for a stay of all proceedings, which date was more than 60 days prior to the service of the notice of appeal. The appeal was therefore abortive, and must be dismissed.

The appeal is dismissed at appellant's costs.