## In re McALPINE.

WANGSNESS, Sheriff, Appellant, v. McALPINE, Respondent.

(190 N. W. 883.)

(File No. 5154.   Opinion filed November 28, 1922.)

**1.  Appeal and Error—Bond—Habeas Corpus—Sheriff Appealing from Order Discharging Person from Custody in Habeas Corpus Not Required to Give Bond.**

Under Rev. Code 1919, Sec. 3161, a sheriff appealing from an order releasing applicant for writ of habeas corpus was not required to give an appeal bond, such appeal being by a county officer in a purely official capacity.

**2.  Habeas Corpus—Appeal and Error—Order Discharging One from Custody in Habeas Corpus Proceeding Held Appealable.**

An order discharging a person from custody in a habeas corpus proceeding is appealable.

**3. Habeas Corpus—Constitutional Law—Appeal from Order in Habeas Corpus Discharging Applicant from Custody Held Not Unconstitutional**

An appeal from an order discharging a person from custody, on application for writ of habeas corpus, does not violate Const., Art. 6, Sec. 8, providing that the privilege of the writ of habeas corpus shall not be suspended unless in case of rebellion or invasion, or public safety may require it.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Application by Edna Alice McAlpine for writ of habeas corpus against Herman Wangsness, as Sheriff of Minnehaha County. From an order releasing applicant, the sheriff appeals. On applicant's motion to dismiss appeal. Motion denied.

*Parliman & Parliman*, of Sioux Falls, for Appellant.

*Christopherson & Melquist* and *Geo. J. Danforth*, all of Sioux Falls, for Respondent.

(1) To point one of the opinion, Appellant cited: 3 C. J. 122.

(2) To point two, Appellant cited: In re Hammill, 9 S. D. 391; Winton v. Knott, 7 S. D. 179; 27 L. R. A. 290.

SHERWOOD, J. On the 18th day of May, 1922, one Edna Alice McAlpine was imprisoned in the county jail of Minnehaha county, S. D., on a commitment duly given by the municipal court of the city of Sioux Falls. On her application, a writ of habeas corpus issued directed to Herman Wangsness, as sheriff of said county and the person holding her in custody under said commitment.

On return of the writ, the circuit court of Minnehaha county, Hon. John T. Medin, Judge, ordered her released. She was at once discharged and ever since has been at liberty.

Seasonably thereafter, said Herman Wangsness, as sheriff and person in charge of said McAlpine, appealed to this court from the order releasing her. McAlpine now moves to dismiss this appeal on two grounds: First, that no undertaking was made, served or filed on this appeal; second, that no appeal lies from an order discharging a person from custody in habeas corpus proceedings.

[1]    As this appeal was taken by a county officer in a purely official capacity, no bond was required.    R. C. 3161.    Quarnberg v. Chamberlain, 29 S. D. 377, 137 N. W. 405, 3 C. J. 1122.

[2]    This court, in an unbroken line of decisions for over 40 years, has heard and decided such appeals, or questions arising thereon, beginning with Ex parte James Scott, 1 Dak. 135, 46 N. W. 512; and followed by Winton v. Knott, 7 S. D. 179; 63 N. W. 783; State ex rel Haff v. Schlacter, 21 S. D. 276, 111 N. W. 566; Griffith v. Hubbard, 9 S. D. 15, 67 N. W. 850; In re Hammill, 9 S. D. 391, 69 N. W. 577; In re Taber, 13 S. D. 62, 82 N. W. 398; In re Renshaw, et al, 18 S. D. 32, 99 N. W. 83, 112 Am. St. Rep. 778; State ex rel Kotilinic v. Swenson, 18 S. D. 196, 99 N. W. 1114; State v. Pratt, 20 S. D. 440, 107 N. W. 538, 11 Ann. Cas. 1049; Barnes v. Nelson, 23 S. D. 181, 121 N. W. 89, 20 Ann. Cas. 544; Ex parte Davis, 42 S. D. 294, 174 N. W. 741.

The authorities are not in accord as to whether a decision in habeas corpus is reviewable.    21 Cyc. 338.    But following what we think is the better reasoning, and also following the precedents established by this court, we hold the decision of the circuit court, either granting or refusing a release in habeas corpus, is a final order affecting a substantial right, made in a special proceeding, and from such final order an appeal will lie to this court. In re Hammill, 9 S. D. 390, 69 N. W. 577, and other South Dakota cases cited supra; 21 Cyc. 338 and cases cited in note 27; David Henderson v. James, 52 Ohio St. 242, 39 N. E. 805, 27 L. R. A. 290; State ex rel Durner v. Huegin, 119 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700; State ex rel McCaslin v. Smith, 65 Wis. 93, 26 N. W. 258; Atwood v. Atwater, 34 Neb. 402, 51 N. W. 1073; In re Scrafford, 59 Hun. 320, 12 N. Y. Supp. 943; Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399; Martin v. District Court, 37 Colo. 110, 86 Pac. 82, 119 Am. St. Rep. 262; Barranger v. Baum, 103 Ga. 465, 30 S. E. 524, 68 Am. St. Rep. 113; State v. Whitcher, 117 Wis 668, 94 N. W. 787, 98 Am. St. Rep. 968.

[3]    Counsel for McAlpine further contends that permitting the state to appeal in habeas corpus cases violates the constitutional right given by section 8, art. 6, of our Constitution, which provides:

"The privilege of the writ of habeas corpus shall not be suspended unless, when in case of rebellion or invasion, the public safety may require it."

We fail to see how our entertaining this appeal in any way violates that constitutional provision. The defendant is at liberty. She cannot again be arrested on the warrant or held under the commitment from which she was released by habeas corpus. R. C. 1919, §§ 4983-4990. She has had the full benefit of the writ and is free. Thomas H. Macready v. John H. Wilcox, 33 Conn. 321.

The state is taking this appeal to settle a question of law. Our final decision will have no other effect in this case than to settle such question and possibly prevent future errors in the use of the writ.

The motion to dismiss is denied.

Note—Reported in 190 N. W. 883. See American Key-Numbered Digest, (1) Appeal and Error, Key-No. 374, 3 C. J. Sec. 1162; (2) Habeas Corpus, Key-No. 113(3), 29 C. J. Sec. 210; (3) Habeas Corpus, Key-No. 122, 29 C. J. 234.

On effect of appeal as stay of judgment in habeas corpus proceedings, see note L. R. A. 1915C, 923.

On right of state or public officer to appeal from an order in habeas corpus releasing one from custody, see note 10 A. L. R. 385.