# WESTERN ELECTRIC CO., Appellant, v. DORMAN, Respondent.

## (197 N. W. 227.)

(File No. 5467.   Opinion filed February 11, 1924.)

1.  Appeal and Error—Appeal from Judgment Not Timely.

Where judgment was entered November 16, 1921, and an appeal therefrom not taken until June 25, 1923, the appeal, in view of Rev. Code 1919, Sec. 3147, must be dismissed.

2.  Appeal and Error—New Trial—Notice—Appeal from Order Denying New Trial Held Timely.

Where motion for a new trial was denied October 3, 1922, and appeal taken June 25, 1923, but no written notice, under Rev. Code 1919, Sec. 3147, of the filing of the order denying new trial was ever given appellant, the appeal from the order was timely.

3.  Appeal and Error—New Trial—Knowledge of Order Denying New Trial Does Not Start Running of 60-Day Period Within Which to Appeal.

Under Rev. Code 1919, Sec. 3147, providing that an appeal must be taken within 60 days after written notice of the filing of the order denying new trial shall have been given to the party appealing, mere knowledge of the order does not start running the 60-day period.

4.  Corporations—Doing Business—Words and Phrases — Securing Guaranty for Goods Sold Not "Doing Business" Within State Within Foreign Corporation Law.

Securing a guaranty of payment for goods sold in the state is not the transaction of business therein within the meaning of the foreign corporation law (Rev. Code 1919, Secs. 8900-8916).

5.  Guaranty—Foreign Corporations—Liability of Guarantor Not Released, Even if Transaction Violated Foreign Corporation Law.

Even if defendant's contract of guaranty given to a foreign corporation violated foreign corporation law (Rev. Code 1919, Secs. 8900-8916), such violation would not release guarantor from liability thereon.

6.  Partnership—Fictitious Names—Finding of Fictitious Partnership Held Irrelevant.

In action by a foreign corporation on a contract of guaranty to pay for goods purchased by F., doing business under the trade name of F. & Co., a finding that F. & Co. was a fictitious partnership, in that all business done under the name

of F. & Co. was done wholly by F, and that F. never complied with the law relative to filing statement showing the true name of the person operating under the name of F. & Co., was irrelevant; that action not being one brought by a person or partnership doing business under a fictitious name so as to fall under the prohibition of Rev. Code 1919, Sec. 1336.

7. **Guaranty — Knowledge — Guarantor's Lack of Knowledge that Principal Was Not a Bona Fide Partnership Held Immaterial.**

In action on contract of guaranty, finding that plaintiff had knowledge that F. was doing business under the name of F. & Co., principal, and that notwithstanding such knowledge it shipped goods on credit to F., and that defendant did not know F. was the sole party in interest under the name of F. & Co. until commencement of suit, and that he signed the guaranty contract with belief that F. & Co. was a bona fide partnership, was irrelevant, since lack of knowledge could not release defendant from liability.

8. **Commerce—Foreign Corporations—Interstate Commerce—Transactions Held to Be Interstate Commerce and Not Within Foreign Corporation Law.**

In action on contract of guaranty between plaintiff as a foreign corporation and defendant within the state, where the transactions, credit for which was guaranteed by defendant, were interstate commerce, the fact that plaintiff was a foreign corporation did not prevent suit on contract.

9. **Guaranty—Contracts—Guaranty of Sales to Partnership Held to Guarantee Sales to Individual Trading as Such Partnership.**

Guaranty of plaintiff's sales to F. & Co. held a guaranty of sales to F., a sole trader doing business as F. & Co.

10. **Guaranty—Abandonment—Plaintiff Held Not to Have Abandoned Contract of Guaranty.**

Where contract of guaranty guaranteed plaintiff's sales to F. & Co., and F. & Co. was a fictitious firm consisting of F. only, plaintiff, in dealing with F. as an individual, did not abandon and disregard contract.

11. **Guaranty—Contracts—Accepting Principal's Note Held Not to Release Guarantor.**

Where a contract of guaranty expressly covered promissory notes to be given by the principal in settlement for goods purchased, acceptance of principal's notes in payment of goods shipped held not to be abandonment of contract.

Appeal from Circuit Court, Spink County; Hon. ALVA E. TAYLOR, Judge.

Action by the Western Electric Company against H. B. Dorman. From judgment for defendant, and from an order denying new trial, plaintiff appeals. Appeal from judgment dismissed, and order vacated, and cause remanded, with directions.

R. A. Dunham, of Clark, and J. M. Henderson, of Chicago, Ill., for Appellant.

Sterling, Clark & Grigsby, of Redfield, for Respondent.

(4) to (11)   To points four to eleven of the opinion, Appellant cited: Sioux Remedy Co. v. Cope, 235 U. S. 195, 59 L. ed. 193, 133 N. W. 685, 12 C. J. 59; Walters Co. v. Hahn, 178 N. W. 448; U. S. v. Tucker, 188 Fed. 741; Brennan v. City, 153 U. S. 289; U. S. v. Swift & Co., 122 Fed. 529; Loverin & Browne Co. v. Travis, 115 N. W. 829; U. S. v. Scott, 148 Fed. 431; Flint and Walling Mfg. Co. v. McDonald, 21 S. D. 526, 114 N. W. 684, 130 Am. S. R. 735, 14 L. R. A. (N. S.) 673; Wright v. Lee, 2 S. D. 596, 51 N. W. 706; American Copying Co. v. Eureka Bazaar, 20 S. D. 526, 108 N. W. 5, 9 L. R. A. (N. S.) 1176; 14A C. J. 1276; State v. Robb-Lawrence Co., 15 N. D. 55, 106 N. W. 406; Pingrey, Suretyship & Guaranty, 2nd ed., sec. 67; Stearns on Suretyship, 2nd ed., sec. 19 and sec. 49; Swisher v. Deering, 204 Ill. 203; Newcomb v. Kloeblen, 77 N. J. L. 791; Spencer on Suretyship, sec. 91; Hand v. Hoffman, 8 N. J. L. 71; Doe v. Needs, 6 L. J. Exch. (Eng.) 59; Booth v. Irving Natl. Exch. Bank, 166 Md. 668, 82 Atl. 652.

GATES, J.   [1]   Appeal by plaintiff from a judgment and from an order denying new trial. The judgment was entered November 16, 1921. The appeal was not taken until June 25, 1923. The appeal, in so far as it is from the judgment, must be dismissed. Rev. Code 1919, § 3147; Keyes v. Baskerville, 41 S. D. 214, 170 N. W. 143.

[2]   The motion for new trial was denied October 3, 1922, and the appeal was taken June 25, 1923. Section 3147, Rev. Code 1919, provides:

"An appeal to the Supreme Court must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing. *. * *"

[3]   It appears that no written notice of the filing of the order appealed from was ever given to appellant. Its appeal was

therefore taken in time, and the motion to dimiss that part of the appeal taken from the order denying new trial must be denied. It is of no consequence that the order was prepared by appellant's attorneys and by them presented to the trial judge for signature and by them filed. That amounted to knowledge of the order, but knowledge of the order does not start the running of the 60-day period within which the appeal must be taken. Cowie v. Harker, 32 S. D. 516, 143 N. W. 895; First Nat. Bank v. McCarthy, 13 S. D. 356, 83 N. W. 423.

This brings us to the merits of that portion of the appeal which is now before us. Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874.

One C. L. Fry was engaged in an electrical business at Doland under the trade-name of C. L. Fry & Co. He had had some business dealings with appellant on a C. O. D. basis. Desiring to acquire credit with appellant, he and the respondent, Dorman, executed at Doland a written guaranty hereinafter set forth, and delivered the same to appellant at Minneapolis, Minn. The trial court made the following findings of fact and conclusions of law:

"I. That plaintiff is a corporation, organized under the laws of the state of Minnesota, but that it has never complied with the laws of the state of South Dakota so as to permit it to do business within this state.

"II. That on or about the 21st day of February, 1919, a contract or agreement was made, in words and figures as follows:

"'Western Electric Company, Incorporated. In consideration of one dollar paid to the undersigned———(hereinafter called the guarantor) by Western Electric Company, Incorporated, a corporation (hereinafter called the seller) and the extension by the seller of credit on account from time to time to C. L. Fry & Co. of Doland, S. D. (hereinafter called the purchaser), which the guarantor hereby requests, the guarantor hereby guarantees the payment when due of all present and future balances on account and all notes or other security given by the purchaser for or on account of such balance, but the guarantor's liability shall not exceed $1,500 at any one time, nothwithstanding the fact that the indebtedness of the purchaser to the seller may exceed that amount.

" 'The guarantor hereby waives notice of non-performance on the purchaser's part notice of acceptance of this guaranty by the seller and any and all defenses that the guarantor might have by reason of any extension of time to the purchaser or the acceptance by the seller of other security, or the releasing of other security, surety, or guarantor.   .

" 'It is agreed that this guaranty shall continue in force until written notice of revocation is delivered to the seller by registered mail and until all amounts owing by the purchaser to the seller at the time of delivery of such notice, for which the guarantor is liable hereunder, have been paid in full, and that any payments made by the purchaser, whether before or after notice of revocation of this guaranty, may be first applied by the seller to indebtedness not secured hereby, if such there be.   If the guarantor or the purchaser herein is a partnership, it is agreed that any change in the membership thereof shall not affect this guaranty until notice of revocation is given as hereinabove provided.   If there be more than one guarantor to this instrument, it is agreed that the liability of the guarantors shall be joint and several.

" 'Dated at Doland, S. D., this 21st day of February, 1919.

" 'C. L. Fry.   [Seal.]
" 'H. B. Dorman.'

"III.   That no consideration was ever paid to or received by the defendant, Dorman, for the signing of said guaranty.

"IV.   That C. L. Fry & Co. is and was at all times a fictitious partnership, in that all business transacted under the name of .'C. L. Fry & Co.' was done wholly by one C. L. Fry, and that no other person or persons were interested in or had anything to do with said fictitious designation of C. L. Fry & Co., and that the said C. L. Fry never complied with the law of this state relative to the filing with the clerk of courts of a statement showing the true name of the person operating under the fictitious trade name of C. L. Fry & Co.

"V.   That plaintiff had knowledge of the fact that C. L. Fry was doing business under the fictitious partnership name of C. L. Fry & Co., and that, notwithstanding such knowledge, it shipped goods on credit to C. L. Fry; but that the defendant H. B. Dorman was not advised and did not know that C. L. Fry was the

sole party in interest under the fictitious partnership or trade-name of C. L. Fry & Co. until at or about the commencement of this suit, and that he signed the above and foregoing contract of guaranty with the understanding and belief that C. L. Fry & Co. was a bona fide copartnership and consisted of an association of persons doing business under said partnership name.

"VI. That the contract of indemnity above set forth was wholly made, executed, and delivered within the state of South Dakota.

"VII. That after plaintiff had furnished goods to C. L. Fry and after an indebtedness of approximately $2,500 had been thus incurred by C. L. Fry, plaintiff herein made a settlement with the said C. L. Fry, by reducing said open account of indebtedness to the form of notes, and accepted the notes of C. L. Fry in payment and satisfaction of said open account, and that, after said notes became due, plaintiff herein sued the said C. L. Fry thereon and recovered judgment for the full amount of said promissory notes and interest.

"And from the above and foregoing findings of fact, the court makes and files the following herein as its Conclusions of Law:

"I. That the plaintiff is not authorized to maintain this suit.

"II. That the agreement of guaranty signed by defendant herein did not authorize or justify plaintiff to sell goods to C. L. Fry and hold this defendant liable therefor.

"III. That the plaintiff in dealing with C. L. Fry as an individual abandoned and disregarded the contract of indemnity with C. L. Fry & Co., and thereby released defendant from any obligations thereunder.

"IV. That the plaintiff in accepting the notes of C. L. Fry in payment for goods shipped to him on open account, disregarded and abandoned the contract of indemnity of this defendant as to C. L. Fry & Co.

"V. That defendant is entitled to a dismissal of this action, and judgment for his costs herein."

[4, 5] The latter part of finding I is irrelevant. The securing of the guaranty in question was not the transaction of busi-

ness in South Dakota within the meaning of our foreign corporation law. Sections 8900-8916, Rev. Code 1919. But even if it was, the evidence shows without dispute that the guaranty was delivered at Minneapolis, and therefore finding VI is not supported by the evidence. See Schiller Piano Co. v. Hyde, 43 S. D. 581, 588, 181 N. W. 196. Even if the transactions between appellant and C. L. Fry & Co. violated our foreign corporation law, out attention has not been called to any principle of law that would release Dorman from his liability upon the guaranty.

[6] Finding IV is irrelevant. · This is not an action brought by a person or partnership doing business under a fictitious name. See section 1336, Rev. Code 1919.

[7] Finding V is in part irrelevant and in part not supported by the evidence. C. L. Fry was a sole trader doing business as C. L. Fry & Co. The mere lack of knowledge of such fact cannot release Dorman from his liability on the guaranty. The evidence does not justify the finding that Dorman signed the guaranty with the understanding and belief that C. L. Fry & Co. was a bona fide partnership, etc. Upon cross-examination Dorman testified as follows:

"Q. Now you say you thought C. L. Fry & Co. was composed of other parties than C. L. Fry? A. Than C. L. Fry.

"Q. Who did you think composed it? A. I did not know.

"Q. Did you ever ask C. L. Fry? A. I supposed he was all right.

"Q. No; answer my question. Did you ever ask C. L. Fry? A. No; I never asked C. L. Fry.

"Q. Did you ever ask anybody? A. Nobody.

"Q. You knew that C. L. Fry was running a small electrical business there in the town of Doland? A. Yes, sir.

"Q. You knew the business he was running? A. Yes, sir. * * *  ·

"Q. You never saw anybody doing any sort of business connected with the business of C. L. Fry? A. No.

"Q. He handled all the money so far as you know? · A. Yes, sir.

"Q. And did all the business? A. Did all the business.

"Q. You never inquired of anybody whether there was anybody else interested in the business or not? A. No, sir."

[8] Conclusion I is entirely unauthorized by any provision of our foreign corporation law. Even if the shipment of merchandise by appellant to Fry had any bearing upon the matters before us, yet it appears without dispute that all of such transactions were transactions in interstate commerce. Sioux Remedy Co. v. Cope, 235 U. S. 197, 35 Sup. Ct. 57, 59 L. ed. 193.

[9, 10] Conclusions II and III are contrary to the facts and obviously contrary to law.

[11] Conclusion IV and finding VII, upon which it was based, are unwarranted because contrary to the terms of the guaranty. The guaranty expressly covered promissory notes.

The order denying new trial is vacated, and the cause remanded to the trial court, with directions to grant a new trial.

Note.—Reported in 197 N. W. 227. See, Headnote, American Key-Numbered Digest, (1) Appeal and error, Key-No. 356, 3 C. J. Sec. 1074; (2) Appeal and Error, Key-No. 48(1), 3 C. J. Sec. 1061; (3) Appeal and Error, Key-No. 348(1), 3 C. J. 1061; (4) Corporations, Key-No. 642(2), 14A C. J. Sec. 3984; (5) Guaranty, Key-No. 5, 28 C. J. Sec. 37; (6) Partnership, Key-No. 64, 30 Cyc. 420; (7) Guaranty, Key-No. 30, 28 C. J. Sec. 104; (8) Commerce, Key-No. 46, Corporations, 14A C. J. 3992; (9) Guaranty, Key-No. 30, 28 C. J Sec. 104; (10) Guaranty, Key-No. 30, 28 C. J. Sec. 104; (11) Guaranty, Key-No. 59, 28 C. J. Sec. 168.