CAPLAN, Respondent, v. BRANDRIET, et al, Appellants.

(258 N. W. 129.)

(File No. 7670. Opinion filed December 29, 1934.)

See, also, 62 S. D. 576, 255 N. W. 464.

*Casper G. Aaberg* of Brookings, for Appellant.

*T. R. Johnson,* of Sioux Falls, for Respondent.

POLLEY, J. This action was brought to recover on three promissory notes. The defendants B. H. and Catherine Brandriet appeared in the action and moved for a change of place of trial. This motion was denied, and neither of said defendants made any further appearance in the case. The defendant school district appeared and answered to the merits. After issue was joined, it was agreed between plaintiff and the said defendant that the case might be tried to the court without a jury and that the case should be brought on for trial upon notice by either of the parties. Thereafter notice of the time when the case would be brought on for trial was sent to defendant's counsel, but for some reason said notice did not come to his attention until after the time fixed for the trial. Upon the date fixed for the trial, plaintiff appeared with his counsel and submitted his proof, whereupon judgment was entered in his favor for the amount asked in the complaint. Knowledge of the entry of this judgment came to the attention of defendant's counsel soon thereafter, whereupon it was stipulated by said parties that the case might be reconsidered. Execution was stayed, but the judgment which had been entered on the 14th day of June, 1933, was not set aside nor canceled. Fur-

ther testimony was introduced, and the matter argued to the court on the 10th day of September, 1933; both parties being present. At the close of the evidence the court made findings of fact and conclusions of law which were sufficient to support the judgment that had already been entered, and on the 11th day of September the court on motion of counsel for plaintiff made the following order:

"Ordered, adjudged and decreed, that the defendant school district's application to have said judgment modified as to it, be and the same hereby is in all things overruled and denied, and it is further,

"Ordered, adjudged and decreed, that execution may issue on the judgment heretofore entered in this case at the expiration of thirty (30) days from date hereof, unless stayed by further order of the court."

Notice of the entry of said order was served upon counsel for defendant on the day of its entry.

On the 18th day of December, 1933, defendant, without having given notice of intention, moved for a new trial. This motion was denied by the court on the 9th day of January, 1934. On the 8th day of February, 1934, the defendant appealed to this court "from the judgment and decree rendered by the court on the 11th day of September, 1933, and from the whole thereof, and also from the order made by the court herein denying defendant's motion for a new trial dated January 9, 1934."

On motion of plaintiff this court dismissed the appeal from the order denying defendant's motion for a new trial. See same tile, 62 S. D. 576, 255 N. W. 464.

The matter is now before this court on the appeal from the above-quoted order, and, while it is referred to in the notice of appeal as "the said judgment," it is not the judgment in the case and does not purport to be a judgment at all, but only an order denying defendant's "application to have said judgment modified." The appeal, therefore, is not from the judgment in the case, but from an order denying a motion to modify the judgment. Both parties have filed briefs on the merits, but we are confronted at the outset by a motion by respondent to dismiss the appeal on the ground that an order refusing the modify a judgment is not reviewable by this court. It is not necessary, if permissible, to re-

view this order. The order appealed from was entered and dated on the 11th day of September, A. D. 1933, while the appeal was not taken until the 8th day of February, 1934. This was more than sixty days after the entry of said order and after the expiration of the time within which an appeal may be taken from an order. Section 3147, Rev. Code 1919.

Under these circumstances we have no jurisdiction to consider the said appeal, and the judgment entered in the case on the 14th day of June, 1933, must be affirmed. It will be so ordered.

All the Judges concur.