ARNOLD, et al, Respondents; v. HUBBARD, et al, Appellants.

(260 N. W. 621.)

(File No. 7783.   Opinion filed May 4, 1935.)

*Loucks & Wohlheter,* of Watertown, for Appellant.

*Perry F. Loucks* and *Alan L. Austin,* both of Watertown, for Respondents.

PER CURIAM.   ■   Plaintiffs filed a petition under the provisions of section 173 of chapter 138, Laws 1931, to have certain lands segregated from the South Shore Independent School District of Codington County and attached to Common School District No. 63 of that county.   The decision of the committee of arbitration was adverse to the plaintiffs and upon an appeal to the circuit court the action of the committee was reversed.   Judg-

ment was entered and written notice thereof given on June 19, 1934. Subsequently a motion for new trial was heard and denied, and the defendant South Shore Independent School District appealed from the judgment and from the order denying a new trial. Respondent has made a motion to dismiss the appeal on the ground among others that the appeal was not taken within the time fixed by statute.

Section 81, chapter 138, Laws 1931, reads in part as follows: "The trial in the Circuit Court shall be de novo according to the rules relating to special proceedings of a civil nature so far as such rules are applicable and not in conflict with the provisions of this section and the court shall enter such final judgment or order as the circumstances and every right of the case may require and such judgment or order may be enforced by writ of execution, mandamus, or prohibition, or by attachment as for contempt. An appeal from any such final judgment or order may be taken to the Supreme Court within sixty days after written notice thereof shall have been given to the party desiring to appeal, which appeal shall be perfected, heard, and determined as other appeals in civil cases."

On November 27, 1934, appellant served a notice of appeal from the judgment of June 19, 1934, and the order denying new trial dated September 24, 1934. The right of appeal is purely statutory, and this court has no jurisdiction unless an appeal is taken within the time and in the manner provided by statute. This is too well established to need citation of authority. The judgment of the trial court was entered and written notice thereof given more than sixty days prior to the attempted taking of this appeal. After the time for an appeal under the provisions of section 81 from the judgment has expired, the trial court is without jurisdiction to make any order granting or denying motion for a new trial. Downs v. Bruce Independent School District, 52 S. D. 168, 169, 216 N. W. 949.

The attempted appeal is therefore dismissed.