STATE ex rel. BIRDSALL, Respondent, v,
KNEELAND, Appellant

(39 N.W.2d 281)

(File No. 9066. Opinion filed October 18, 1949)

**H. F. Ricketts** and **Danforth & Bleeker,** Mitchell, attorneys for Defendant and Appellant.

**Fellows & Fellows,** Mitchell, attorneys for Plaintiff and Respondent.

WOHLHETER, Circuit Judge. On July 26th, 1948, Agnes Birdsall was arrested on the streets of Mitchell and on July 27th, 1948, she was taken before the Municipal Court and a complaint was read to her charging her with

the violation of a city ordinance of the City of Mitchell prohibiting persons from driving a motor vehicle upon the public streets of Mitchell while under the influence of intoxicating liquor. Upon her plea of guilty to such charge she was sentenced to pay a fine of $100 and to serve ten days in jail and was prohibited from operating a motor vehicle within the city for one year, and that before operating such vehicle at the expiration of the year she be required to post a bond or insurance policy in the sum of $2000. The written sentence was filed July 28, 1948.

On July 28, 1948, Judge R. C. Bakewell, one of the judges of the Circuit Court of Davison County, upon application of the said Agnes Birdsall, issued a writ of habeas corpus directed to Robert H. Kneeland, Chief of Police of the City of Mitchell, the person having her in custody.

Return of the writ was heard on August 6, 1948 and on August 9, 1948 the Circuit Court made a final order discharging the said Agnes Birdsall. On August 11, 1948 the order was filed and a certified copy thereof showing such filing was served on the attorney of record for the defendant Kneeland.

On January 28, 1949 the defendant's attorney served a notice of appeal to this court.

This matter is now before this court upon a motion to dismiss the appeal upon several grounds one of which is that the appeal was not in time.

■ The respondent contends that the action of the circuit court in the habeas corpus proceeding was an order and not a judgment. In this we think the respondent is correct.

This court, in the case of In re Hammill, 9 S.D. 390, 69 N.W. 577, 578, in speaking of proceedings in habeas corpus said, "When instituted in the circuit court, its decision will be a final order, effecting a substantial right made in a special proceeding, from which an appeal will lie to this court."

Also, in the case of Wangsness v. McAlpine, 46 S.D. 75, 190 N.W. 883, this court said: "But following what we think is the better reasoning, and also following the pre-

cedents established by this court, we hold the decision of the circuit court, either granting or refusing a release in habeas corpus, is a final order affecting a substantial right, made in a special proceeding, and from such final order an appeal will lie to this court."

It is therefore well settled that the decision on the habeas corpus proceeding was an order.

██ ██ In this case a certified copy of the order discharging the respondent, showing the filing date, was served on August 11, 1948. To certify is to testify in writing. A certified copy of a record requires that there be a certification in writing under the seal of the court and signature of the clerk that the document so certified is on file in the office of the clerk and is a copy of the document as it remains of record. A certified copy which showed the filing date having been served, it was a written notice of the filing of the order in compliance with SDC 33.0702 as amended by Ch. 124, S.L. 1943.

The notice of appeal having been served and filed on January 28, 1949, more than sixty days after the notice of filing thereof, the motion to dismiss the appeal must be granted. This makes it unnecessary to consider the merits of the appeal.

The motion to dismiss the appeal is granted.

SMITH, P. J., and ROBERTS, RUDOLPH and HAYES, JJ., concur.

WOHLHETER, Circuit Judge, sitting for SICKEL, J., disqualified.