PIEDMONT INDEPENDENT SCHOOL DISTRICT NO. 34, Respondent v. MEADE COUNTY BOARD OF EDUCATION, Appellant

(103 N.W.2d 177)

(File No. 9753. Opinion filed May 11, 1960)

**Russel Molstad,** Sturgis, **Bottum & Christol,** Rapid City, for Appellant.

**Morrill & Morrill,** Sturgis, for Respondent.

RENTTO, J. On a petition filed pursuant to Sec. 20, Ch. 8 of Ch. 41, Laws of 1955, as amended by Sec. 3, Ch. 62, Laws of 1957, the Meade County Board of Education on July 26, 1957, made a decision changing the boundaries of the Piedmont School District No. 34 by transferring five sections of land from that district to the Fairview School District No. 43. The Piedmont District appealed to the circuit court which reversed the action of the County Board. The County Board prosecutes this appeal from that judgment of the circuit court.

On April 10, 1958, the judgment appealed from was filed and notice of its entry given. The County Board served its notice of appeal on September 16, 1958. The Piedmont District has moved to dismiss this appeal on the ground that it was not taken within the time allowed by law. It contends that the school law requires appeals in matters of this kind to be taken within sixty days after written notice of the entry of judgment. It is the position of the County Board that the time for taking this appeal is not controlled by the school law but is governed by SDC Supp. 33.0702, which is our general provision on appeals in civil matters. The time for taking an appeal under this section is six months.

In addition to this proposition, these additional matters are argued: (1) Did the Piedmont Independent School District have the right to appeal to the circuit court from the decision of the Meade County Board of Education and (2) Did the Meade County Board of Education have power

and authority to enter its order. Since it is our view that the appeal must be dismissed because it was not timely taken we do not reach these additional issues, nor the question of whether the County Board has the right to appeal to this court.

■■ Concerning appeals from the circuit court to the Supreme Court the constitution of this state in Art. V, Section 18 provides:

"Writs of error and appeals may be allowed from the decisions of the circuit courts to the supreme court under such regulations as may by prescribed by law."

Clearly this leaves it to the legislature as a matter of substantive law to say whether there shall be a right of appeal. McClain v. Williams, 10 S.D. 332, 73 N.W. 72, 43 L.R.A. 287; In re Johnson's Estate, 66 S.D. 256, 281 N.W. 113. While it is often said that the time and manner of the exercise of the right to appeal is statutory, that is not entirely accurate because of the right of this court to regulate the procedural aspects of appeals under its rule-making power. The extent and source of the power of this court to regulate the procedures on appeals is a matter we need not here explore. For the purposes of this case we may accept the provisions of SDC 32.0902 and say that in those cases where there is a right of appeal one desiring to exercise that right must proceed in the manner provided by statute or rule of this court.

■ As already noted the decision involved in this appeal was made by the County Board under the provisions of Ch. 8 of Ch. 41, Laws of 1955. Sec. 26 of this same Ch.8 is as follows:

"Appeal by aggrieved party. Any party feeling aggrieved by any decision of the county board the State Superintendent, or the State Board of Education involving the preparation and approval of the master plan or involving any other decision which such boards or State Superintendent are

obligated or empowered to make under the provisions of this chapter shall be entitled to appeal such decision within ninety days to the Circuit Court and from there to the Supreme Court under the same limitations and procedures provided by law for appeal of all school board decisions."

Pertinent here is the provision that appeals from the circuit court to the Supreme Court shall be taken "under the same limitations and procedures provided by law for appeal of all school board decisions."

The law spelling out the limitations and procedures for appeal of all school board decisions is found in Sec. 44, Ch. 9 of Ch. 41, Laws of 1955. That section in so far as it concerns the time for taking appeals to the Supreme Court provides:

"An appeal from any such final judgment or order may be taken to the Supreme Court within sixty days after written notice thereof shall have been given to the party desiring to appeal, which appeal shall be perfected, heard, and determined as other appeals in civil cases."

This paragraph is incorporated in and made a part of Sec. 26, Ch. 8 of Ch. 41, Laws of 1955, by the reference thereto in Sec. 26. As we read it, a party desiring to appeal a matter under Ch. 8 from the circuit court to the Supreme Court must do so within sixty days after he has been given written notice of the judgment or order of the circuit court.

Since Sec. 26, Ch. 8 of Ch. 41, Laws of 1955 prescribes a complete procedure applicable to appeals concerning the decision of matters dealt with therein, such appeal provisions are exclusive. Arnold v. Hubbard, 63 S.D. 454, 260 N.W. 621. See also Helland v. Jones, 76 N.D. 511, 37 N.W.2d 513. Our general statutes on appeals in civil matters are inapplicable except as they are incorporated by this special provision. Accordingly we must hold that the notice of appeal in this matter was not served within the prescribed period of time.

■■ From the decisions of this court it is clear that the taking of an appeal gives this court jurisdiction to determine whether it was taken within the time allowed by law. But having determined that it was not timely taken this court is without jurisdiction to entertain the appeal and must dismiss the same because of a lack of jurisdiction. Braun v. Thuet, 42 S.D. 491, 174 N.W. 807; Keyes v. Baskerville, 42 S.D. 381, 175 N.W. 874; Lasell v. Yankton County, 69 S.D. 170, 7 N.W.2d 880. In other words it is the same as if no appeal was taken. Consequently we do not consider or determine whether the Piedmont Independent School District had a right under the statute to appeal to the circuit court from the decision of the Meade County Board of Education nor the other questions argued in the briefs or presented by the record. Because the notice was not timely served the attempted appeal herein must be and is dismissed.

All the Judges concur.