**CANTON CONCRETE PRODUCTS CORPORATION, Plaintiff and Appellant,**

v.

**James W. ALDER, Individually, City of Yankton, the American State Bank, and Alder Construction Company, Inc., Defendants and Respondents.**

No. 12285.

Supreme Court of South Dakota.

Argued May 15, 1978.

Decided Dec. 27, 1978.

---

Milton Buechler, Lennox, for plaintiff and appellant.

William J. Klimisch of Goetz, Hirsch, Haar & Klimisch, Yankton, for respondent City of Yankton.

Delvin N. J. Welter, Yankton, for respondent James W. Alder, individually and Alder Construction Company, Inc.

Richard D. Hagerty, Yankton, for respondent American State Bank.

ZASTROW, Justice.

Canton Concrete Products Corporation (Plaintiff) brought an action to recover damages for the value of construction materials provided to James Alder (Alder) and Alder Construction, Inc. The materials provided to Alder were used in a construction project Alder had contracted with the City of Yankton (City). A performance bond had been furnished by Alder to the City in the form of a certified check drawn on the American State Bank (Bank). The contract provided that the bond was to guarantee the payment of any "bills" and "obligations" incurred by Alder in the performance of the contract.

Upon the completion of the project the City returned the certified check to the Bank. The certified check was cancelled by the Bank and the contract proceeds used to settle Alder's obligations at Bank. Alder failed to pay the Plaintiff for the materials it had furnished and apparently is now insolvent.

This action was commenced by service of a summons and complaint upon the City and the Bank on February 1, 1973. Answers were served by the Bank and City in March 1973. No further proceedings occurred in the matter until June, 1975, when Alder was served with the summons and complaint. On July 19, 1975, Plaintiff served an amended complaint on the Bank's attorney and answers from Alder, the City and the Bank were served by September 9, 1975.

On October 27, 1976, Plaintiff served a notice of trial on the Defendants. On November 18, 1976, the Bank moved for a dismissal of the action for failure of the Plaintiff to prosecute. Apparently the parties agreed upon a trial date of January 19, 1977. However, the trial was not held because Plaintiff's counsel desired to attend the Presidential Inauguration.

On February 14, 1977, the call of the calendar was held and Plaintiff's counsel was again absent. The Defendants' counsel then moved for a dismissal of the action under SDCL §§ 15-6-40 and 15-6-41. The motion was granted by the trial court. On February 22, 1977, an order of dismissal was entered by the trial court. A certified

copy was mailed to Plaintiff's counsel by the clerk of the court at the direction of the trial judge. Plaintiff's counsel admits receiving the certified copy of the order on February 25, 1977.

On April 25, 1977, precisely fifty-nine days after the order dismissing the action had been entered, filed, served and received by Plaintiff's counsel, he filed a motion to set aside the order of dismissal. The motion was heard on May 5, 1977, and an order denying the motion on May 16, 1977. On July 1, 1977, the Plaintiff's counsel served a notice of appeal, assignments of error and an undertaking on the Defendants. The originals were filed with the clerk of the court on July 6, 1977, one hundred thirty-one days after the certified copy of the order was received by Plaintiff's counsel.

The Defendants have filed a motion to dismiss the appeal for lack of jurisdiction for failure to file and perfect the appeal within sixty days after written notice of the order appealed from was given.

SDCL 15–26–1 provides in part:

Appeals to the Supreme Court * * may be taken as provided in this title from:

(1) A judgment;

(2) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

SDCL 15–26–2 provides:

Any appeal other than from a judgment must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing. An appeal from the judgment must be taken within sixty days after the judgment shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party.

This court has repeatedly held that the failure to file the notice of appeal within the statutory time limit is a jurisdictional defect which requires the dismissal of an appeal. *Caplan v. Brandriet*, 1934, 63 S.D. 294, 258 N.W. 129; *Federal Land Bank of*

*Omaha v. LeMars Mut. Ins. Co.*, 1937, 65 S.D. 143, 272 N.W. 285; *Lasell v. Yankton County*, 1943, 69 S.D. 170, 7 N.W.2d 880; *Weins v. Weins*, 1945, 70 S.D. 620, 20 N.W.2d 228; *State v. Kneeland*, 1949, 73 S.D. 73, 39 N.W.2d 281; *Piedmont Ind. Sch. Dist. v. Meade Co. Bd. of Ed.*, 1960, 78 S.D. 384, 103 N.W.2d 177; *Long v. Knight Const. Co., Inc.*, 1978, S.D., 262 N.W.2d 207.

The Plaintiff contends that because there was no "notice of entry of judgment" filed with the clerk of the court the time limit for the appeal did not begin to run. In support of this contention he cites *Foss v. Spitznagel*, 1959, 77 S.D. 633, 97 N.W.2d 856. In *Foss* this court held that the time for the appeal did not begin until written notice of the entry of judgment was given as required by SDC 33.0702, now SDCL 15–26–2. There the settled record contained no evidence that a written notice of the judgment was given to appellant. In this case, the settled record contains the affidavit of the clerk which verifies that she mailed a certified copy of the order to Plaintiff's counsel on February 22, 1977. Furthermore, Plaintiff's counsel has admitted during oral argument that he received the certified copy of the order from the clerk on February 25, 1977.

In *State v. Kneeland*, supra, the attorney for the respondent had mailed a certified copy of the final order in a habeas corpus proceeding. This court held that "[a] certified copy which showed the filing date having been served, it was written notice of the filing of the order in compliance with SDC 33.0702 as amended by Ch. 124, S.L.1943 [now SDCL 15–26–2]."

We find no requirement that the service of the certified copy must be made by the attorney for the prevailing party, particularly where the appellant's counsel admits that he received the certified copy mailed by the clerk. The mailing of a certified copy of the order constituted written notice of the filing of the order under SDCL 15–26–2.

This court has not previously addressed the question of whether a motion to

set aside an order or judgment suspends the time for appeal. However, our rules of civil procedure in SDCL 15–6–60(b) provide for relief from final judgments or orders entered for mistake or excusable neglect. There is little question that the motion to set aside the order seeks relief under SDCL 15–6–60(b), since Plaintiff's motion asserts that counsel advised the trial judge by telephone that he wanted a jury trial in February, but because of counsel's hearing disability he may have misunderstood the judge's response. However, SDCL 15–6–60(b) specifically provides that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Under nearly identical rules, the filing of such a motion has been held not to suspend the running of the statutory limit on time for appeal, *Kauder v. Kauder*, 1974, 38 Ohio St.2d 265, 313 N.E.2d 797; *Schnell v. Schnell*, 1977, N.D., 252 N.W.2d 14, unless the judgment is actually vacated or set aside. See *Huso v. Bismarck Public School Board*, 1974, N.D., 219 N.W.2d 100.

Rule 60(b) states 6 grounds for relief; makes all of these subject to a reasonable time limitation; and, in addition, subjects grounds (1), (2) and (3) to a maximum time period of one year from the entry of judgment. Because of the more extended time periods applicable to a 60(b) motion, sound policy dictated that the 60(b) should not affect appeal time.

\* \* \* \* \* \*

It, therefore, follows that a motion for relief on one or more of the 6 grounds stated in 60(b) for relief from a *final* judgment does not affect the finality of the judgment; and hence does not toll the time for appeal from the final judgment. 7 Moore's Federal Practice ¶ 60.29. See, also, 9 Moore's Practice ¶ 204.12[1].

The rule is equally applicable to a final order which is appealable under SDCL 15–26–1(2). See *Hodgson v. United Mine Workers of America*, C.A.D.C.1972, 473 F.2d 118. The time to appeal from the order dismissing the Plaintiff's action expired, at the latest, on April 26, 1977.

The appeal is dismissed.

DUNN and MORGAN, JJ., concur.

WOLLMAN, C. J., and PORTER, J., dissent.

WOLLMAN, Chief Justice (dissenting).

Although SDCL 15–26–2 does not by its terms require that the service of the notice of the filing of an order must be made by the attorney for the prevailing party, such a requirement has long been assumed by this court. In *Labidee v. City of Pierre*, 43 S.D. 31, 177 N.W. 499, this court said:

The object of the above statute [SDCL 15–26–2] is two-fold. It gives to a party the power to set running the time after which his adversary may not appeal. *Braun v. Thuet*, 42 S.D. 491, 174 N.W. 807. But it also assures each party that the statutory period of time within which he may appeal does not commence to run until his adversary has given such notice. 43 S.D. at 34, 177 N.W. at 500.

The fact that appellant's counsel admitted that he received the certified copy mailed by the clerk is irrelevant, for under *Western Electric Co. v. Dorman*, 47 S.D. 195, 197 N.W. 227, knowledge of the existence of a filed order does not start the running of the appeal in the absence of written notice to appellant of the filing of the order.

Simply stated, our statute does not contemplate that the trial court should become involved in the process of giving notice of the entry of its orders or judgments. That duty falls upon counsel for the prevailing party. Although in any given case, and perhaps especially in a case such as the one under consideration here, a trial judge might have a special interest in seeing that counsel for the prevailing party promptly notifies the adverse party of the filing of an order to the end that long-protracted litigation might finally be brought to conclusion, the responsibility for triggering the appellate process rests under our rules with counsel for the prevailing party.

I would deny the motion to dismiss the appeal and would consider the appeal on the merits of the record, such as it is.

I am authorized to state that Justice PORTER joins in this dissent.