NICK BONAMASSA, PROSECUTOR, v. CHESTER DAVIS, DEFENDANT.

Decided July 11, 1936.

For the prosecutor, *Joseph Varbalow*.

For the defendant, *Vincent L. Gallaher*.

LLOYD, J. A writ of *certiorari* was allowed to determine the sufficiency of an appeal by the defendant from a judgment rendered against him in a Small Cause Court in Camden county to the Court of Common Pleas of that county, and brought on for hearing according to the statute before me.

The sufficiency of the appeal is attacked on the ground that no bond was entered by the defendant against whom the judgment was rendered.

The provision of the statute (2 *Comp. Stat.*, p. 2612, ¶ 5) being the act constituting courts for the trial of small causes, accords the right of appeal on the following and *no other* terms: "That the appellant shall file with the justice a bond to the other party, with at least one sufficient security, being

a freeholder in the county, and in double the amount of such judgment or off-set, conditioned that the appellant shall appear and prosecute the said appeal in the said Court of Common Pleas, shall stand to and abide the judgment of said court, and pay such costs as shall be taxed against him if the judgment be affirmed."

Instead of depositing a bond as required by the statute appellant deposited with the justice of the peace in cash a sum of money in double the amount of the judgment and costs, a check for which moneys has been forwarded by the justice to the county clerk, as appears by the return.

The deposit was not in accordance with the terms of the statute, and whatever of substitutionary value there may be in the deposit of money, it cannot be regarded by the court as effective to support the appeal.

Apart from the technical requirement of the statute, however, substantial reasons may well be conceived for refusing to recognize such deposit. The moneys in the hands of the justice might or might not be available to the plaintiff upon the rendition of judgment on the appeal; much less would he be obliged to follow the funds into the hands of the clerk of the court as would be essential in the present case.

A quite similar question has been considered by this court in the recent case of *Calaway* v. *Town of Belleville,* 116 *N. J. L.* 377, where substitution of money as a deposit in lieu of bond in a bastardy case was made, and it was held insufficient. I have been pointed to no statute which authorizes such substitution in the present case.

The appeal is set aside, and the record in the case will be remanded to the Small Cause Court.