562

IN RE WILLARD: WILLARD and others, Respondents, vs. STATE BOARD OF CONTROL and another, Appellants.

*September 13—October 12, 1937.*

For the appellants there was a brief by the *Attorney General,* and oral argument by *L. E. Vaudreuil,* deputy attorney general.

For the respondents there was a brief by *Kading & Kading* of Watertown, and oral argument by *Charles E. Kading.*

WICKHEM, J. In view of the court's conclusion that under the facts of this case an appeal does not lie to this court from the order of the county court, we do not reach a consideration of the merits. It was held in *Ogden v. State,* 162 Wis. 500, 503, 156 N. W. 476, 477, that,—

"Juvenile court proceedings are special proceedings for the exercise of the special limited jurisdiction of this court, as conferred by statute, and that its proceedings are not according to the course of the common law. In such cases there is no right of review by writ of error and the parties aggrieved are limited to an appeal as given by statute."

It becomes necessary, therefore, to consider what provisions for appeal are contained in ch. 48, Stats., commonly known as the "Children's Code."

Sec. 48.07 (8), Stats., provides:

"In any case where a child is found, determined or adjudged by the juvenile court to be . . . delinquent or in case of the transfer of the permanent control, care and custody of a child or the termination of the rights of the parents with reference to such child, appeal may be taken to the circuit court of the same county or if the circuit judge is the judge of the juvenile court, directly to the supreme court. . . ."

It is held in *In re Willard, ante,* p. 553, 275 N. W. 537, that this section gives no right of appeal to the State Board of Control. Even if it did, no direct appeal would lie, since we take judicial notice that in Jefferson county the circuit judge is not the juvenile judge. In that situation, the statute expressly provides that all appeals must be to the circuit court.

*By the Court.*—Appeal dismissed.