[File No. 7135]

EMMA HELLAND, Respondent, v. N. O. JONES, as State Highway Commissioner of the State of North Dakota, Appellant.

(37 NW2d 513)

Opinion filed May 13, 1949

*Nels G. Johnson,* Special Attorney General, for appellant.

512

*Thorstein Hyland,* for respondent.

GRIMSON, District J.  This is an appeal from a judgment of the district court rendered upon a hearing on an order to show cause under § 39–0612, ND Rev Code 1943.  Such judgment reversed the decision of the State Highway Commissioner and ordered him to issue a driver's license to the plaintiff.  The proceedings leading up to that judgment were had under Chapter 39–06, ND Rev Code 1943.  In this court the plaintiff moved for a dismissal of the appeal on the ground that the judgment was not appealable.

Chapter 39–06, ND Rev Code 1943, was enacted as a safety measure.  It provides that all persons except those enumerated as exempt shall obtain a driver's license before operating a motor vehicle upon the highways of the state.  It creates the procedure to obtain such license from the State Highway Commissioner.

It provides for a court review of the denial by the commissioner of a license and, finally, for the suspension or revocation of the license in case the public safety is endangered by the holder. It provides a new procedure complete in itself from the application for a license to and including appeals to the supreme court in certain instances. On the matter of a review of the decision of the commissioner in the district court it provides: "The action of the commissioner in refusing to issue a license to any person under the provisions of this chapter shall be subject to review in the district court of the county in which the applicant is a resident by a proceeding in the nature of an order to show cause directed to the commissioner. If it shall appear that the refusal of the commissioner to issue such license is unlawful or unreasonable, the court shall order the issuance of such license, and the commissioner thereupon shall comply with such order. In case of an adverse decision by the district court in such proceeding, the applicant shall be entitled to take an appeal therefrom to the supreme court." § 39–0612, ND Rev Code 1943.

The plaintiff claims that the defendant commissioner has no right of appeal under this section. The defendant claims that he has such right under the general statutes providing for appeals. ND Rev Code 1943, § 28–2701, et seq. And that although the commissioner is not mentioned in connection with appeals in § 39–0612 he must be construed to have such reciprocal right by virtue of the general statute.

The right and regulation of appeals in this state are entirely statutory. ND Const Sec 109; State v. McEnroe, 69 ND 445, 287 NW 817, and cases cited; 2 Am Jur 845; 4 CJS 61, 343. The legislature may grant and restrict the right. It "may prescribe in what cases, under what circumstances, and from what court appeals may be taken; unless the statute expressly or by plain implication makes provision therefor, there is no right of appeal." 2 Am Jur 847. See also Appeal of S. V. Houghton, 42 Cal 35. In construing an appeal statute the language and context thereof, the purpose to be attained and the relative interests and rights of the parties in the subject matter involved must be considered.

It is true as argued by defendant that the courts generally favor the right of appeal and construe the statute liberally in furtherance of such right when there is any doubt about the meaning thereof. "Nevertheless, there must be a compliance with the material conditions imposed by the statute." 2 Am Jur 849. "An appeal is a privilege which must be conferred by authority upon the person who would enjoy it." Macartney v. Shipherd, 60 Or 133, 117 P 814, Ann Cas 1913D 1257. "An appeal is not a matter of right, but a statutory privilege, and one who would enjoy such privilege must show the law conferring it upon him." Spencer v. Portland, 114 Or 381, 235 P 279. When an act contains complete procedure relative to a certain matter no appeal will lie except as therein provided. James v. Fish, 246 Wis 474, 17 NW2d 558; Marlowe v. Commonwealth, 142 Ky 106, 133 SW 1137. In Myrick v. McCabe, 5 ND 422, 424, 67 NW 143, this court said, "From this language it appears that a right of appeal is in terms given by the same statute which creates the remedy, and it is our opinion that such right is and must be limited by the language which creates the right." The general appeal statute is inapplicable where a special statute makes the decision of the lower court final. Saylor v. Duel, 236 Ill 429, 86 NE 119, 19 LRA NS 377. The right of appeal is not necessarily reciprocal. There may be a difference in the interest of the parties in the matter involved in the lawsuit. State ex rel. Young v. Sanders, 111 La 188, 35 So 509; Bargebur et al. v. *Their* Creditors, (La) 2 Martin's Rep NS 496, 524; Cox v. Carr, 79 Va 28.

The only provision for an appeal in the statute is that in case of an adverse decision "the applicant shall be entitled to take an appeal therefrom to the supreme court." The applicant is the only party with a personal interest. His personal right to freedom of action in regard to driving a motor vehicle on the highways is involved. That is an important right under our present mode of living. The commissioner has no personal interest. His duty is only to endeavor to keep incompetent or disqualified drivers off the highways. The difference in interest warrants the different treatment on appeal. State ex rel. Young v. Sanders, supra.

The Wisconsin juvenile court act provides that an appeal can be taken "in case of the transfer of the permanent control, care and custody of a child or the termination of the rights of a parent or the parents with reference to such child, . . . ." Wis Stat Sec 48.07, subd (8). The Wisconsin Supreme Court held that the juvenile court act contained the entire procedure relative to such matters and no appeal lay except as given by statute. Ogden v. State, 162 Wis 500, 156 NW 476; Willard et al. v. State Board of Control et al. 225 Wis 562, 275 NW 541. In Re Willard, 225 Wis 553, 275 NW 537, it is held that the right of appeal is had only by the parents or guardians whose control, care and custody are taken away or whose rights are terminated. In James v. Fish, supra, where there had been no transfer of permanent control and no parental rights had been terminated, the court said: "In this case, in the absence of statute there is no right on the part of the state or a child welfare board to be heard further in the proceedings. It has been the legislative policy to deal carefully with parental rights and to interfere only when the welfare of the child demands it. Consequently, the state in granting a limited right of investigation to the juvenile court may protect the paramount interest of the parent by limiting a review to an appeal from any adverse order of the juvenile court affecting such interests."

This court passed on a somewhat similar statute in Murray v. Mutschelknaus, 70 ND 1, 291 NW 118, and held "that appeals may be taken from decisions of the county commissioners abating, refunding or compromising any tax and that such an appeal may be taken by any party aggrieved by such decision. In this case there is no decision of the board of county commissioners abating, refunding or compromising any tax. There is, therefore, no right of appeal." In other words, where the statute gave only the "person aggrieved" the right of appeal from a decision of the county commissioners abating, refunding or compromising any tax and no such decision had been made then there was no right of appeal. Accordingly in the instant case where the statute gives only the applicant the right to appeal from a decision adverse to her and there is no such adverse decision then there is no right of appeal.

The language of the statute further indicates that such was the intention of the legislature. It is provided that if upon the hearing in district court on the order to show cause "it shall appear that the refusal of the commissioner to issue such license is unlawful or unreasonable, the court shall order the issuance of such license, and *the commissioner thereupon shall comply with such order."* That language imports finality to the proceedings. It together with the provision for appeal by the applicant in the next sentence and no provision for appeal by the commissioner indicates the intention of the legislature to deny the commissioner the right of appeal.

In Saylor v. Duel, 236 Ill 429, 86 NE 119, 19 LRA NS 377, supra, the Illinois Court in passing on appeals from the county court in election contests held: "The provision that the county court shall have 'final jurisdiction' to hear and determine the merits of such cases must, we think, be construed as a denial of the right to an appeal from the judgment of the county court in contests arising under this statute."

The Washington Supreme Court in State ex rel. McCallum v. Superior Ct. of Cowlitz County et al. 72 Wash 144, 129 P 900, 44 LRA NS 1209, held: "To accept jurisdiction in this case is to read out of the law the provision that the superior court should 'have final jurisdiction to hear and determine the merits of such cases,'—a provision within the power of the Legislature to include in granting a statutory right of action and naming the tribunal that should exercise jurisdiction over that right of action, in a case involving a political, and not a private, right."

Under Chapter 39–06, ND Rev Code 1943, on operators' licenses no right of appeal is given to the State Highway Commissioner from a decision of the district court reversing his ruling.

The motion to dismiss the appeal is granted and the appeal dismissed.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS and BURKE, JJ., concur.

BURR, J., did not participate.