STATE v. JAMES P. CORRELL.

(Filed 22 November, 1950.)

**1. Automobiles § 1—**

> The operation of a motor vehicle upon the public highways of the State is a privilege which can be exercised only in accordance with legislative restrictions.

**2. Automobiles § 34d: Criminal Law § 1b—**

> The operation of a motor vehicle upon the highways of the State by a person whose driver's license has been revoked is unlawful, regardless of intent, since the specific performance of the act forbidden constitutes the offense itself. G.S. 20-28.

APPEAL by defendant from *Phillips, J.,* July Term, 1950, of MECKLENBURG. Affirmed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and John R. Jordan, Jr., Member of Staff, for the State.*

*Uhlman S. Alexander for defendant, appellant.*

JAMES, J. This cause was originally instituted in the Mecklenburg County Recorder's Court upon a warrant charging the defendant with operating a motor vehicle upon the public highways of North Carolina after having had his driver's license revoked, in violation of G.S. 20-28.

The cause came on for hearing before the Judge of the County Recorder's Court of Mecklenburg County on 30 June, 1950, at which time the defendant demanded a trial by jury, whereupon the case was sent to the Superior Court of Mecklenburg County to be tried by a jury. The cause came on for hearing at the regular term of Superior Court for Mecklenburg County on 10 July, 1950.

The defendant entered a plea of not guilty but the jury found as its verdict that the defendant was guilty.

The only assignment of error which the defendant has brought forward relates to His Honor's instruction to the jury that the defendant had no right to drive his car upon the highways of North Carolina after his license had been revoked and it made no difference what the defendant's intentions were in regard to so doing.

G.S. 20-28 provides as follows:

"(a) Any person whose operator's or chauffeur's license has been suspended or revoked other than permanently, as provided in this article, who shall drive any motor vehicle upon the highways of the state while such license is suspended or revoked, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than $200 or imprisonment in the discretion of the court, or both such fine and imprisonment . . ."

The right to operate a motor vehicle upon the public highways of North Carolina is not an unrestricted right but a privilege which can be exercised only in accordance with the legislative restrictions fixed thereon. 5 Am. Jur., sec. 756.

The defendant did not deny that he had driven his car upon the highways after his license had been revoked but contended that he was attempting to get his car back home from a garage where it had been left. But the specific performance of an act which is expressly forbidden by statute constitutes the offense itself and we are of the opinion, and so hold, that the instruction of his Honor to the jury was proper. *S. v. Lattimore,* 201 N.C. 32, 158 S.E. 741; *S. v. Perley,* 173 N.C. 783, 92 S.E. 504, and cases cited.

The judgment of the court below is

Affirmed.