Morley THOMPSON, Petitioner and Respondent,

v.

S. W. THOMPSON, State Highway Commissioner of the State of North Dakota, Respondent and Appellant.

No. 7596.

Supreme Court of North Dakota.

July 13, 1956.

Rehearing Denied Sept. 26, 1956.

Leslie R. Burgum, Atty. Gen., Vernon R. Pederson, Sp. Asst. Atty. Gen., for appellant.

Robert L. Burke, Grafton, for respondent.

MORRIS, Judge.

This is an appeal by the state highway commissioner from an order of the district court of Walsh County dated January 31, 1956, vacating and setting aside a revocation of a driver's license of Morley Thompson, dated October 28, 1955, and making permanent a temporary stay of the revocation which had been ordered by the court on November 23, 1955.

On August 16, 1955, Morley Thompson, the respondent in this court, pled guilty to an information charging that on August 13, 1955, he committed the crime of operating a motor vehicle while under the influence of intoxicating liquor as a second offense of drunken driving committed within eighteen months, the first offense being in May 1955 and both offenses having been committed within the city of Grafton. The court did not pronounce sentence at once but continued the proceedings pending a commitment of Thompson to the state hospital for treatment for alcoholism to which Thompson voluntarily agreed.

The state highway commissioner on September 8, 1955, issued an administrative order suspending Morley Thompson's motor vehicle driver's license for sixty days. On October 21, 1955, Thompson again appeared before the court, having previously been released from the state hospital. The court, pursuant to the provisions of Chapter 12–53, NDRC 1953 Supp., suspended the imposition of sentence for a period of two years. Regarding Thompson's driver's license the court stated that in view of his good conduct for about two months since his license had been suspended "the Court in this case so far as is possible will not recommend or order a suspension."

On November 23, 1955, the licensee petitioned the district court for a hearing on and a stay of the revocation of his driver's license. The court granted the petition, set the hearing for December 27, 1955, and stayed revocation of the license until the further order of the court. The only appearance by the commissioner was by letter of his attorney and by the filing of an affidavit of the director of the safety responsibility division of the state highway department setting forth a summary of the records of his office with respect to the two convictions of Thompson for drunken driving and the administrative orders of the commissioner first suspending the driver's license for sixty days and later on October 28, 1955, revoking the license. Thompson filed an answer to the affidavit of the director in which he challenged on statutory and constitutional grounds the power of the commissioner to revoke his driver's license. The court heard and considered the matter in the form submitted without the taking of testimony or the submission of further evidence and on January 31, 1956, issued the order from which this appeal is taken.

We first devote our attention to the power of the court to vacate and set aside the administrative order of the commissioner revoking the driver's license, which in turn involves the validity of the commissioner's order. Chapter 251, SLND 1955 purports to be a new and complete legislative enactment providing for the issuance, expiration, renewal, cancelation, suspension, and revocation of licenses of operators of motor vehicles. The licensing agency is the state highway commissioner. The statute became effective July 1, 1955. Section 28 of that chapter requires courts having jurisdiction over offenses committed contrary to laws or municipal ordinances regulating the operation of motor vehicles on highways to forward to the commissioner a record of each conviction. Section 29 provides:

"For the purposes of this Act the term 'conviction' shall mean a final conviction. Also, for the purposes of this Act a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction."

Section 30 provides for the mandatory revocation of licenses as follows:

"The commissioner shall forthwith revoke the license of any operator upon receiving a record of such operator's conviction of any of the following offenses, when such conviction has become final: * * *

"5. Conviction, or forfeiture of bail not vacated, upon two charges of driving a motor vehicle while under the influence of intoxicating liquor or a drug, or reckless driving, or aggravated reckless driving, committed within a period of eighteen months."

Section 31 authorizes the commissioner to suspend the license of an operator of a motor vehicle without a preliminary hearing when certain conditions are shown to exist by the records of the commissioner or other sufficient evidence. The commissioner is authorized to suspend the license where the operator

"Has been convicted of driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle."

Section 32 affords the licensee an opportunity for hearing and provides that

"Upon such hearing the commissioner shall either rescind his order of suspension or, good cause appearing therefor, may continue, modify, or extend the suspension of such license or revoke such license."

Suspensions or revocations under Sections 31 and 32 are discretionary on the part of the commissioner.

Section 38 provides for appeals to the court and because of its importance to the determination of the case we quote it in full:

"Any person denied a license or whose license has been canceled, suspended, or revoked by the commissioner, except where such cancellation or revocation is mandatory under the provisions of this Act, shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the district court in the county wherein such person shall reside; and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days written notice to the commissioner and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Act. The decision of the district court shall be subject to appeal by either the petitioner or the commissioner."

It should be here noted that mandatory revocations are excepted from this section. In such cases no right of appeal exists. In re Wright, 228 N.C. 584, 46 S.E.2d 696; Fox v. Scheidt, 241 N.C. 31, 84 S.E.2d 259.

The licensee contends that his plea of guilty to the crime charged in the information on August 16, 1955, and the action of the court suspending the imposition of sentence for a period of two years under the provisions of Section 12–5313, NDRC 1953 Supp., as amended by Chapter 124, SLND 1955, did not result in a "final conviction" and did not afford the commissioner a statutory ground for revoking his driver's license under either the mandatory or discretionary provisions of Chapter 251. It is argued that during the period of suspension of imposition of sentence the matter is still pending in the court. It is held in abeyance and no final judgment has been entered. In support of that argument the licensee points to the provision of Section 12–5318, NDRC 1953 Supp. that

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time be permitted in the discretion of the court to withdraw his plea of guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may dismiss the information or indictment against such defendant, who shall then be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."

It may be fairly inferred from this record that the trial court accepted the licensee's plea of guilty and on October 21, 1955, pronounced judgment in open court whereby he postponed imposition of sentence for a period of two years. The judgment and conviction have become final unless the suspension of pronouncement of sentence postpones finality.

The term "final conviction" cannot be given a hard and fast definition. Where the term is found in the statute its meaning depends upon the intention of the legislature as disclosed by the context of the statute in which it is used in correlation with other statutes bearing upon the subject. State v. Berres, 270 Wis. 103, 70 N.W.2d 197; Adams v. State, 136 Tex.Cr.R. 331, 125 S.W. 2d 583; Ringer v. State, 137 Tex.Cr.R. 242, 129 S.W.2d 654; Ashcraft v. State, 68 Okl. Cr. 308, 98 P.2d 60.

The argument that when a judge suspends the imposition of sentence under the provisions of Chapter 12–53 NDRC 1953 Supp. the conviction is likewise suspended and does not become final during the period of suspension is answered by Section 12–5319, NDRC 1953 Supp. which provides:

"In any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or information or indictment dismissed."

In so providing the legislature must have intended that the conviction stands during the period of suspension of sentence and is subject to the same rules of finality as any other conviction. The conclusion is inescapable that the conviction of Morley Thompson of operating a motor vehicle while under the influence of intoxicating liquor as a second offense committed on August 13, 1955, was a final conviction insofar as the action of the district court is concerned and was intended by the legislature to be such under the driver's license law.

The licensee points out that his license was revoked because he had been convicted on two charges of driving a motor vehicle while under the influence of intoxicating liquor committed within a period of eighteen months, the first violation being committed before the law went into effect while the second was committed after the law became effective. He argues that such an application of the law is unconstitutional because it depends upon a retroactive application of Chapter 251 in derogation of his rights as a licensee by including as a constituent conviction one that occurred prior to the effective date of the statute. He also argues that the revocation of his license is a penalty invoked by an *ex post facto* application of the statute.

█ All retroactive or retrospective statutes are not unconstitutional. They are of course unconstitutional if they impair the obligation of a contract or violate a constitutional due process clause. A motor vehicle operator's license vests in the licensee neither a contractual nor a property right. Doyle v. Kahl, 242 Iowa 153, 46 N.W.2d 52; Sleeper v. Woodmansee, 11 Cal.App.2d 595, 54 P.2d 519; Commonwealth v. Ellett, 174 Va. 403, 4 S.E.2d 762;

Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579.

█ This court has described the right to drive an automobile as "an important right under our present mode of living." Helland v. Jones, 76 N.D. 511, 37 N.W.2d 513, 514. However, a license to drive a motor vehicle may be revoked pursuant to the procedure and for violations of the conditions prescribed by the statute under which it was issued. City of St. Louis v. Mosier, Mo.App., 223 S.W.2d 117; Bonamassa v. Davis, 186 A. 64, 14 N.J.Misc. 499; State v. Correll, 232 N.C. 696, 62 S. E.2d 82; Tate v. Lamb, 195 Va. 1005, 81 S.E.2d 743.

█ Turning now to the argument that the revocation of the license in this instance involves an *ex post facto* application of the statute and is therefore unconstitutional we find that it has no merit for two reasons. The first is that the revocation or suspension of a license operates for the benefit of the public and is not intended as a penalty inflicted upon the license holder.

"The question as to whether the revocation of a license because of an act for which the licensee has been convicted or because of the conviction itself is an added punishment has frequently been before the courts. The universal holding is that such a revocation is not an added punishment, but is a finding that by reason of the commission of the act or the conviction of the licensee, the latter is no longer a fit person to hold and enjoy the privilege which the State had theretofore granted to him under its police power. The authorities agree that the purpose of the revocation is to protect the public and not to punish the licensee." Prichard v. Battle, 178 Va. 455, 17 S.E.2d 393, 395. See also Butler v. Commonwealth, 189 Va. 411, 53 S.E.2d 152.

█ If the revocation of a license were to be considered a penalty the facts in this case would still not give rise to an uncon-

stitutional *ex post facto* application of the statute. The general rule is that where augmented punishments are provided for a second offense the fact that the first offense was committed before the enactment of the statute does not render the application of the statute violative of the *ex post facto* prohibition.

"A statute prescribing a heavier punishment for second offenders is not invalid as *ex post facto*, even though the first offense was previously committed; the punishment is of the second offense only, but is more severe because of the class in which the defendant placed himself by his first offense." Sutherland, Statutory Construction, Third Edition, Section 2306.

■ The same reasoning is applicable to the revocation of a driver's license upon the commission of two offenses where the first commission occurred prior to the enactment of the statute.

■ The record in this case clearly shows that the licensee Morley Thompson by a plea of guilty became the subject of a final conviction of the crime of operating a motor vehicle while under the influence of intoxicating liquor as a second offense committed within eighteen months of the first offense. It became the duty of the state highway commissioner upon proper certification to him of these convictions to revoke the license. This duty was mandatory under the provisions of Section 30, Chapter 251, SLND 1955. Such a revocation is not appealable. Section 38.

The licensee tried to appeal to the district court and the court ordered the revocation vacated and set aside and attempted to enjoin the commissioner from performing his mandatory duty under the statute. The order was clearly beyond the power of the court and is therefore void in all respects. The order appealed from is reversed.

BURKE, C. J., and SATHRE, JOHNSON and GRIMSON, JJ., concur.