STATE OF NORTH CAROLINA v. HENRY RUFFIN THARRINGTON.

(Filed 10 July 1968.)

**1. Automobiles § 3—**

The operation of a motor vehicle upon the highways of the State by a person whose driver's license has been suspended or revoked is unlawful, regardless of intent, since the specific performance of the act forbidden constitutes the offense itself. G.S. 20-28.

**2. Automobiles § 3—**

In a prosecution for the operation of a motor vehicle upon the public highway while license is in a state of suspension or revocation, an instruction to the jury that defendant contends he is not guilty and that "the automobile was just going up and down the road by itself and that he had nothing to do with it at all" *is held* erroneous as a fundamental misconstruction of defendant's contentions.

**3. Criminal Law § 118—**

A statement of a contention based on evidence which was not introduced, or a fundamental misconstruction of defendant's contentions, will be held for error notwithstanding the absence of objection at the time.

APPEAL by defendant from *Bickett, J.,* Second February 1968 Regular Criminal Session of WAKE Superior Court.

Defendant was tried under a warrant issued in the Wake Forest Recorder's Court charging that he did on or about 11 September 1967 unlawfully and willfully operate a motor vehicle on a public highway of North Carolina while his operator's license was revoked.

A witness for the State testified that he saw the defendant operate a motor vehicle on a public highway in Wake County on said date. The defendant stipulated that his operator's license was in a

state of suspension or revocation at the time. The defendant testified as a witness for himself and admitted operating the vehicle on the highway on said date but testified to circumstances which he contends justified his driving.

The jury found the defendant guilty as charged and from judgment pronounced upon the verdict, defendant appealed.

*T. Wade Bruton, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*Sheldon L. Fogel, Attorney for defendant appellant.*

BRITT, J. All of defendant's assignments of error relate to Judge Bickett's charge to the jury.

He first assigns as error an instruction to the effect that there are no exceptions to the statute under which the defendant was being tried. The pertinent part of G.S. 20-28 provides as follows:

"Any person whose operator's or chauffeur's license has been suspended or revoked other than permanently, as provided in this chapter, who shall drive any motor vehicle upon the highways of the State while such license is suspended or revoked shall be guilty of a misdemeanor * * *"

The assignment of error is without merit and is overruled. In *State v. Correll,* 232 N.C. 696, 62 S.E. 2d 82, the trial court charged the jury that the defendant had no right to drive his car upon the highways of North Carolina after his license had been revoked and it made no difference what the defendant's intentions were in so doing. The court said:

"The right to operate a motor vehicle upon the public highways of North Carolina is not an unrestricted right but a privilege which can be exercised only in accordance with the legislative restrictions fixed thereon. 5 Am. Jur., sec. 756.

"The defendant did not deny that he had driven his car upon the highways after his license had been revoked but contended that he was attempting to get his car back home from a garage where it had been left. But the specific performance of an act which is expressly forbidden by statute constitutes the offense itself and we are of the opinion, and so hold, that the instruction of his Honor to the jury was proper."

The defendant also assigns as error the following portion of His Honor's charge to the jury:

"The defendant on the other hand says and contends that he is not guilty; says and contends *that the automobile was just going up and down the road by itself and that he had nothing to do with it at all.* He says and contends that you ought not to find him guilty." (Emphasis added.)

This assignment of error is sustained, entitling the defendant to a new trial. A statement of a contention based on evidence which was not introduced, or a fundamental misconstruction of defendant's contentions, will be held error notwithstanding the absence of objection at the time. 3 Strong, N. C. Index 2d, Criminal Law, § 118, p. 28. *State v. Dooley,* 232 N.C. 311, 59 S.E. 2d 808.

We will not discuss defendant's other assignments of error as the portions of the charge complained of in those assignments probably will not recur on a retrial of this case.

New trial.

CAMPBELL and MORRIS, JJ., concur.