**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Albert KOUBA, Defendant and Appellant.**

**Cr. No. 777.**

Supreme Court of North Dakota.

May 13, 1982.

Glen Dill, Asst. State's Atty., Kenmare, for plaintiff and appellee.

Albert Kouba, pro se.

ERICKSTAD, Chief Justice.

Albert Kouba appeals from a verdict of guilty of the crime of driving while his license was under suspension. The verdict was returned by a jury in the County Court with Increased Jurisdiction of Ward County. We affirm.

Kouba basically raises two issues. First, he contends that the conviction should be reversed because he was not afforded a hearing prior to the suspension of his license. Secondly, he contends that the conviction should be reversed because he has an inalienable right to drive upon the highways of North Dakota and therefore he does not need an operator's license issued by the State.

Through six separate speeding violations, Kouba accumulated 13 points against his operator's license. Section 39–06.1–10, N.D. C.C., provides:

"1. ... When the driving record shows that the licensee has an accumulated point total of twelve or more points, assigned on the basis of the schedule contained in subsection 3 of this section, the authority shall notify the licensee of its intention to suspend the operator's license and of the availability of an administrative hearing. . . ." § 39–06.1–10(1)

Kouba was notified by the North Dakota Highway Department of the availability of an administrative hearing. The North Dakota Century Code requires that the licensee must make a written request for a hearing within 10 days after the mailing of the notice. *Id.* If a request for a hearing is made, the hearing is to be held in accordance with the applicable provisions of the Administrative Agencies Practice Act codified at Chapter 28–32, N.D.C.C.

On February 4, 1981, Kouba requested a hearing for February 17, 1981, at 11:00 a.m. He further requested that it be held at his home in Minot. The request for a hearing at Kouba's home was denied by letter dated February 6, 1981. That letter, signed by the administrative hearing officer, set the hearing date and place for February 17, 1981, at 11:30 a. m., on the third floor of the North Dakota State Highway Department Building in Bismarck. Kouba responded to that letter on February 11, 1981. In his response, he told the hearing officer that he could not afford gasoline to drive to the hearing, and ended his letter by saying, "See you February 17, in Minot, ND." Despite Kouba's insistance, the hearing was held on February 17, at the State Highway Department Building in Bismarck. Kouba was absent.

On February 19, 1981, an order of suspension was issued with an effective date of February 21, 1981. Under the provisions of Section 39–06–37, N.D.C.C., a suspended license must be surrendered to and retained by the Highway Commissioner until the suspension expires. In conformity with his lack of cooperation to date, Kouba did not return or surrender his driver's license and, therefore, pursuant to Section 39–06.1–14, N.D.C.C., his suspension was extended one day for each day he failed to surrender his license. His license was under suspension on March 23, 1981, when he was stopped by Officer Miles Anderson of the North Dakota Highway Patrol for making a left-hand turn at a place where it is prohibited. Officer Anderson asked to see Kouba's driver's license. At this juncture, Kouba produced what he describes as a "constitutional driver's license." That license reads as follows:

## "CONSTITUTIONAL DRIVER'S LICENSE

"I, being a sovereign citizen of the United States of America, do hereby, by this document, license myself to operate a motor vehicle or any other mechanical device on or off the public highways, roads or right-of-ways anywhere in these United States and continue to exercise the privilege of this right as long as in so doing, I do not infringe upon the life, liberty, or property of another person or endanger the health, morals and safety of society."

Kouba later produced his North Dakota driver's license and Anderson determined that it was under suspension. Kouba was then given a ticket for driving a motor vehicle while his license was under suspension. He was subsequently tried and convicted of this offense.

Kouba has made a plethora of arguments. We, however, need only address the issues which are controlling and decisive of this appeal. *Nodland v. Nokota Co.*, 314 N.W.2d 89, 93 (N.D.1981).

First, we address Kouba's argument that he was not accorded a hearing as provided for by the North Dakota Century Code. He contends that his driver's license was improperly suspended because he was not accorded a hearing in his home county as he had requested. It is his contention that Section 39–06–33, N.D.C.C., which provides that a driver's license may not be suspended under the provisions of Section 39–06–32, N.D.C.C., without a hearing "in the county of the licensee's residence," is controlling in this action. However, Section 39–06–33, N.D.C.C., is applicable only for "matters of driver's license suspension arising under the provisions of section 39–06–32."

Section 39–06–32, N.D.C.C., provides for six specific instances in which the Highway Commissioner may suspend the license of an operator. Those instances include commission of an offense for which mandatory revocation of license is required, incompetence to drive a motor vehicle, unlawful or fraudulent use of a driver's license, refusal

to submit to an implied consent chemical blood test, failure to pay a fine or serve any other sentence, or failure to appear in court or post and forfeit bond.

Kouba's license was not suspended for any of those reasons. Instead, his license was suspended because he accumulated a total of 12 or more points assigned, in his case, for speeding. His license was therefore suspended under the provisions of Section 39–06.1–10, N.D.C.C. That section provides: "If the licensee makes a written request for a hearing within ten days after mailing of the notice, the hearing shall be held in accordance with the applicable provisions of chapter 28–32." § 39–06.1–10, N.D.C.C.

■ Chapter 28–32 of the North Dakota Century Code is the Administrative Agencies Practice Act. That Act provides comprehensive procedures for hearings held by administrative agencies. At Section 28–32–05, N.D.C.C., the Administrative Agencies Practice Act provides that the administrative agency shall issue a notice for hearing, which "shall fix the time and place for trial . . . ." That section, however, also provides that the parties may agree upon a definite time and place for a hearing. *Id.* In this action, the parties did not agree upon a definite time and place for the hearing. Therefore, the Highway Commissioner, through his hearing officer, acted properly in setting the time and place for the hearing. In this instance, the place for that hearing was set at the State Highway Department in Bismarck. Kouba was therefore accorded a fair opportunity to be heard under the requirements of the North Dakota Century Code and, though he chose not to appear at the hearing, his driver's license was properly suspended.

■■ The next issue which we will address is whether or not Mr. Kouba has an inalienable right to drive on the highways of North Dakota. We have consistently held that no such right exists. We have recognized the importance of the driving privilege in our society today, but we have said that the privilege cannot be granted without limitations as to its continuance. *Asbridge v. North Dakota State Highway Commissioner*, 291 N.W.2d 739, 750 (N.D. 1980). The use of the public highways is not an absolute right which everyone has, and of which a person cannot be deprived; it is instead a privilege which a person enjoys subject to the control of the State in its valid exercise of its police power. *Timm v. State*, 110 N.W.2d 359, 362 (N.D.1961). In *State v. Harm*, 200 N.W.2d 387, 391 (N.D.1972), we said:

"Permission to operate a motor vehicle upon the public highways is not a civil right nor is the license to do so a contract or property right in a constitutional sense but, rather, it is a mere license or privilege. *Thompson v. Thompson*, 78 N.W.2d 395 (N.D.1956). Although the privilege might be a valuable one (*Helland v. Jones*, 76 N.D. 511, 37 N.W.2d 513, 514 (1949)), nevertheless the license to drive may be revoked pursuant to the procedure and for violations of the conditions prescribed by the statute under which it was issued. *Thompson v. Thompson, supra.*"

We therefore conclude that Kouba does not have an inalienable right to use the highways of our state in violation of the laws of our state. Just as others must, he must abide by the laws of our state which are intended to make travel on our highways reasonably safe for all.

For the reasons stated in this opinion, we affirm, with costs on appeal to neither party.

VANDE WALLE, PAULSON, SAND and PEDERSON, JJ., concur.