STATE v. ELLISON

[122 N.C. App. 638 (1996)]

———————

STATE OF NORTH CAROLINA v. JAMES ROBERT ELLISON

No. COA96-2

(Filed 4 June 1996)

1. **Automobiles and Other Vehicles § 141 (NCI4th)— driving while license revoked—cutting up license and mailing it to DMV**

Defendant's argument in a prosecution for driving with a revoked license that he had rescinded his contract with the State by cutting up his license and returning it to the Division of Motor Vehicles and that he should be able to travel freely without having to meet the statutory requirements was without merit. N.C.G.S. § 20-28 provides that any person driving a motor vehicle upon the highways with a revoked license is guilty of a misdemeanor and it has been held that the right to operate a motor

STATE v. ELLISON

[122 N.C. App. 638 (1996)]

vehicle upon the State's highways is not unrestricted but a privilege which can be exercised only in accordance with legislative restrictions. Defendant's intent to liberate himself from statutory requirements had no bearing on the fact that he committed an offense expressly forbidden by statute.

**Am Jur 2d, Automobiles and Highway Traffic § 148.**

2. **Automobiles and Other Vehicles § 141 (NCI4th)— driving while license revoked—1983 Plymouth not a road machine—defendant not exempted**

There was no merit in a defense argument in a prosecution for driving with a revoked license that defendant was operating a "road machine" and not a motor vehicle and was exempted from having a license under N.C.G.S. § 20-8. Although not defined in the statute, when read *in pari materia* with the other terms used in the statute, a road machine differs from an automobile in that it involves only temporary operation for purposes other than travel. In this case, defendant was driving a 1983 Plymouth automobile.

**Am Jur 2d, Automobiles and Highway Traffic § 148.**

Appeal by defendant from judgments entered 20 July 1995 by Judge Catherine C. Eagles in Cabarrus County Superior Court. Heard in the Court of Appeals 27 May 1996.

Defendant was charged with driving while licensed revoked in violation of N.C. Gen. Stat. § 20-28(a) (1993) and driving with fictitious tag in violation of N.C. Gen. Stat. § 20-111(2) (1993). Evidence presented at trial tended to show that on 15 November 1994 at 11:00 p.m., Sergeant Keith Cauthen of the Concord Police Department stopped defendant, who was operating a 1983 Plymouth automobile on Burrage Road, based on information that defendant was driving without a license. Sergeant Cauthen called in the license tag to the police department, which notified him that the tag had too many letters to have been issued by the North Carolina Department of Motor Vehicles. Sergeant Cauthen approached the car and asked defendant for a driver's license. Defendant responded that he did not have one and that he did not keep a license tag on the vehicle because "it was a personal consumer good[.]"

Upon determining that defendant's driver's license was in a state of revocation from 5 November 1993 until 5 November 1995, Sergeant

Cauthen issued a citation to defendant for driving while license revoked and driving with a fictitious license tag. A jury found defendant guilty as charged. He was sentenced to forty-five days imprisonment for the driving while license revoked conviction and forty-five days suspended with three years supervised probation for the driving with fictitious tag conviction. Defendant appealed.

*Attorney General Michael F. Easley, by Assistant Attorney General Elizabeth Rouse Mosley, for the State.*

*Fred A. Biggers for defendant-appellant.*

MARTIN, John C., Judge.

Defendant's counsel does not bring forward any assignments of error on appeal. Instead, he states that he "finds no basis to challenge evidentiary rulings concerning admissibility, jury instructions or even procedural aspects of the case," and asks this Court "to look for any plain error that exists . . . ."

By letter dated 27 December 1995, defendant's counsel informed defendant that in his opinion there was no error in defendant's trial and that defendant could file his own arguments in this Court if he so desired. Copies of the transcript, record, and the brief filed by counsel were sent to defendant. On 12 February 1996, defendant filed a *pro se* brief in this Court.

We hold that defendant's counsel has fully complied with the holdings in *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied,* 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and *State v. Kinch,* 314 N.C. 99, 331 S.E.2d 665 (1985). Pursuant to *Anders* and *Kinch,* we must determine from a full examination of defendant's *pro se* brief and all the proceedings whether the appeal is wholly frivolous.

[1] In defendant's *pro se* brief, he argues that the Uniform Driver's License Act either was unconstitutionally applied to his case or, in the alternative, that he qualified under an exemption from licensing. First, defendant argues that since he cut up his driver's license and returned it to the Division of Motor Vehicles, he effectively rescinded his contract with the State and should be able to travel freely without having to meet the statutory requirements. N.C. Gen. Stat. § 20-28 provides that "[a]ny person whose drivers license has been revoked, other than permanently, who drives any motor vehicle upon the highways of the State while the license is revoked is guilty of a misdemeanor." N.C. Gen. Stat. § 20-28(a). This Court has recognized that

STATE v. ELLISON

[122 N.C. App. 638 (1996)]

regardless of the driver's intentions, the right to operate a motor vehicle upon State highways " 'is not an unrestricted right but a privilege which can be exercised only in accordance with the legislative restrictions fixed thereon.' " *State v. Tharrington*, 1 N.C. App. 608, 609, 162 S.E.2d 140, 141 (1968) (quoting *State v. Correll*, 232 N.C. 696, 697, 62 S.E.2d 82, 83 (1950)). "The doing of the act itself is the crime, not the intent with which it was done." *State v. Hurley*, 18 N.C. App. 285, 287, 196 S.E.2d 542, 544 (1973). Defendant's intent to liberate himself from statutory requirements, therefore, had no bearing on the fact that he committed an offense expressly forbidden by statute. *Id.* Defendant's argument is without merit.

[2] Furthermore, we find no merit in defendant's argument that he was operating a "road machine" and not a motor vehicle, thereby exempting him from having to have a driver's license under N.C. Gen. Stat. § 20-8 (1993). That statute provides that a person is exempt from license if "driving or operating any road machine, farm tractor, or implement of husbandry temporarily operated or moved on a highway[.]" N.C. Gen. Stat. § 20-8(2). Although "road machine" is not defined in the statute, when read *in pari materia* with the other terms used in the statute, a road machine differs from an automobile in that it involves only temporary operation for purposes other than travel. A "motor vehicle" on the other hand is defined as "[e]very vehicle which is self-propelled and every vehicle designed to run upon the highways which is pulled by a self-propelled vehicle." N.C. Gen. Stat. § 20-4.01(23) (1993). In this case, defendant was driving a 1983 Plymouth automobile. Clearly, defendant was operating a motor vehicle and not a "road machine." His argument that he is exempt from license requirements is therefore overruled.

Upon review of defendant's *pro se* brief and the entire record, we find the appeal to be wholly frivolous. We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges JOHNSON and LEWIS concur.